## TOMLINSON *a.* BATTEL.

*New York Superior Court ; Special Term, March,* 1857.

JURISDICTION OF STATE COURTS.—PATENT RIGHTS.

A State court has not jurisdiction of suit in which the existence and validity of a patent for an invention must necessarily be shown to enable the plaintiff to make out his cause of action. ·

Action for an injunction brought on for trial by the court.

This was an action by W. A. Tomlinson against M. L. Battel and another, to restrain the defendants by a perpetual injunc-

tion from using the word "Ambrotype," as applicable to photographic pictures and likenesses taken by them, and also for damages sustained by plaintiff from the unlawful use of the word by the defendants.

The complaint stated that, heretofore, one Cutting had invented and discovered certain improved processes and modes of taking pictures upon glass, and that he had invented the word "Ambrotype," which he exclusively applied to all pictures taken by such improved processes, and stamped upon such pictures or their frames. It averred that Cutting had obtained a patent from the government of the United States for securing to him an exclusive right to use the processes so invented by him, and that, by various mesne assignments, the exclusive right to use the processes so patented in the city and county of New York, and other counties of the State, was vested in the plaintiff; who, by virtue of such assignments, had also acquired the exclusive right to use the word "Ambrotype," to designate the pictures, likenesses, or impressions taken or manufactured by them as assignees of the patent. The complaint also alleged that the defendants, in violation of the exclusive right of the plaintiff, had taken, manufactured, and sold, within the city and county of New York, under the name of Ambrotype, large numbers of pictures, likenesses, &c., similar to those taken and manufactured by Cutting and his assignees, to their own great profit and advantage, and to the great detriment of the plaintiff. The relief demanded was a perpetual injunction and damages.

The answer denied specifically each material allegation in the complaint relative to the exclusive right of Cutting and his assignees, but admitted that the defendants had used the word "Ambrotype" to designate the photographic pictures taken by themselves on glass, and asserted that they had a lawful right so to do.

The cause having been brought on for trial, and the pleadings read, the presiding justice intimated a doubt as to the jurisdiction of the court, and directed that question to be argued before any witness should be examined.

*Gordon L. Ford*, for plaintiff.

*J. Humphreys*, for defendant, was stopped by the court.

DUER, J.—Considering the law as settled—as I have recently had occasion to show in the case of the "Balm of a Thousand Flowers"[*]—that there can be no exclusive property in a generic or specific name, unless as incident to an exclusive property in the article, composition, or process which the name is used to designate, I must of necessity hold that the plaintiff cannot maintain the action, unless he can show that he has an exclusive right in the process by which the pictures, properly called "Ambrotypes," are produced; for, if the defendants have an equal right to use the process, they have an equal right to apply to the pictures it produces their appropriate and distinctive name.

The plaintiff claims an exclusive right to use this process within this city and county by virtue of the patent granted to Cutting, of which he is in part an assignee; and hence it is upon the existence, validity, and construction of this patent that the title of the plaintiff to the relief which he claims, principally, although not wholly depends.

But, as I understand the Constitution and laws of the United States, questions concerning the validity and construction of a patent belong to that class which the courts of the United States are alone competent to determine. The act of Congress "To promote the progress of useful arts," passed in 1836 (*U. S. Stats. of* 1836, 244, § 17), has put an end to any doubts that may formerly have existed on this subject, since, by its necessary interpretation, it gives to the courts of the United States exclusive cognizance of all cases arising under the patent laws; and in my opinion the case before me falls within these general words. It is a case, in my opinion, as truly arising under the patent laws, as if the action had been brought for direct breach of the provisions of the patent which is relied on, since it is brought for the violation of an exclusive right, which, if it exists at all, exists only as a consequence of these provisions. It is true this exclusive right is not given by the terms of the patent, but it is only as an incident flowing from the exclusive right which the patent purports to secure that it can be established; to prove its existence, the patent itself must be produced, proved, and construed.

It is not necessary to deny that when a question as to the con-

---

[*] Fetridge *a.* Wells, *Ante,* 144.

Tomlinson *a* Battel.

struction, and, perhaps, as to the validity of a patent arises, collaterally, in the progress and upon the trial of cause, the necessity of its determination will not oust a State court of the jurisdiction which it derived from the nature of the action and the state of the pleadings. But here the existence and validity of a patent, concerning the process by which are produced the pictures to which alone the name of ambrotypes can properly be given, lie at the very foundation of the plaintiff's claim. They are facts constituting, in part, the cause of action; as such, they are averred in the complaint, and as such are put at issue by the answer. It is upon an exclusive right, secured by a patent, that the action is founded. It is this exclusive right that the answer denies, and it is this denial which raises a question that, when thus raised, neither this nor any other State court, in my judgment, has authority to determine—a question which I have no right to determine, and must refuse to consider.

I am not aware that there is any adjudged case that, in its special circumstances, resembles the present, but the principle upon which I act in refusing to hear this cause, I apprehend is distinctly laid down by the Supreme Court, in Parsons *a.* Barnard (7 *Johns.*, 144), by Chancellor Kent, as chief justice, in Livingston *a.* Van Ingen (9 *Ib.*, 582), and by Mr. Justice Strong, in delivering the judgment of the Court of Appeals, in Dudley *a.* Mayhew (3 *Comst.*, 9).

It is plainly for the interest of the parties that the objection to the jurisdiction of the court should now be taken, since, as it cannot be waived, it may be raised in any stage of the proceedings, and even in the court of ultimate resort. Its decision now may be a saving of much time and expense.

Following my convictions, I shall, therefore, dismiss the complaint for want of jurisdiction, but without costs, and with liberty to the plaintiff to appeal without security to the general term.