### SNOW and BUSH *vs.* JUDSON.

False statements made by an individual in regard to articles manufactured by others, for the purpose of preventing sales by them of such articles, which do in fact prevent such sales and injure the manufacturers in their business, constitute a cause of action.

It is no defense to an action for such false representations, to allege that the defendant holds a patent giving him the exclusive right to use a particular article which he claims the plaintiff's article resembles ; and that the federal courts have exclusive jurisdiction of all causes of action for any violation of that exclusive right.

No question of patent or no patent, or in respect to any right the defendant may have, under his patent, or as to any violation of such right, can arise, in such an action, so as to deprive the state courts of jurisdiction.

APPEAL from an order made at a special term, overruling a demurrer to the complaint. The complaint alleged that on or about the 10th day of January, 1854, letters patent were granted and issued out of the patent office of the United States of America, to Junius Judson, the defendant, bearing date on that day, whereby, after reciting that whereas Junius Judson and Alfred Judson, of Rochester, New York, have alleged that they have invented new and useful improved valves for governors, for which letters patent were issued to Junius Judson, dated November 5, 1850, as the assignee of the said Junius and Alfred Judson, which letters patent have been surrendered by them, the same having been canceled, and new letters patent ordered to issue to the said Junius Judson upon the amended specifications of the said Junius and Alfred Judson, &c., there purported to be granted to the said Junius Judson, his heirs, administrators or assigns, for the term of fourteen years from the said 5th day of November, 1850, the full and exclusive right and liberty of making, constructing, using and vending to others to be used, the said valves. And the plaintiffs further stated, that after the making and issuing of the said letters patent, the said Junius Judson entered upon the business of making and vending governors, with valves made and constructed according to the plan and specifications annexed to said letters

patent, and has hitherto continued said business to a large extent at Rochester, in the county of Monroe. That the plaintiffs, at Rochester, have for about one year last past been, and still are, engaged in the business of manufacturing governors for steam engines, with valves not constructed and operating upon or according to the plan and specifications annexed to said letters patent, but upon a plan and principle entirely distinct and different from valves described in said specifications, and in no way infringing said patent, and have been at great expense in providing a shop and materials, tools and machinery for such manufacture and sale, and would have done a lawful and profitable business therein but for the wrongful acts of the defendant. That the defendant wrongfully and maliciously, and with the declared object of injuring the plaintiffs, and breaking up and destroying their said business, and well knowing that the said valves are not an infringement of the rights granted by his said letters patent, and that they are not and none of them are constructed according to the plan and specifications attached to said letters patent, have by advertisement and publication in newspapers, and otherwise advertised as extensively as he has been able, that the said valves are such infringement, and has thus in repeated instances defeated the sale by the said plaintiffs of governors with valves so manufactured by them, the said plaintiffs, as aforesaid ; the complaint specifying, particularly, several instances in which this had occurred. And that many other sales by the plaintiffs of such governors the defendant, by his said false claims, had prevented and continues to prevent, and thus had injured the plaintiffs to a large sum, and they had sustained damages thereby to five thousand dollars, which sum they claimed to recover.

The defendant demurred to the complaint, because it appears upon the face thereof, 1st. That the court has no jurisdiction of the person of the defendant, or the subject of the action ; 2d. That there is a defect of parties plaintiff and defendant ; 3d. That several causes of action have been im-

properly united; 4th. That the complaint does not state facts sufficient to constitute a cause of action.

*Selden, Munger & Thompson,* for the appellant.

*Geo. H. Humphrey,* for the respondents.

*By the Court,* JOHNSON, J.   There can be no doubt that a good cause of action is stated in the complaint.   The facts, as admitted by the demurrer, are that the defendant intentionally made false statements in regard to the articles manufactured by the plaintiffs, for the purpose of preventing sales by them, of such articles, and thereby did prevent such sales, and greatly injured them in their business.   This constitutes a cause of action.   (*Benton* v. *Pratt,* 2 *Wend.* 385.   *White* v. *Merritt,* 3 *Seld.* 352.   *Gallager* v. *Brunel,* 6 *Cowen,* 346.)

The only question for consideration, therefore, is, whether the court has jurisdiction of the subject of the action.   The subject matter of the action is the very common one of fraudulent misrepresentations by one party, to the prejudice and direct injury of another; and but for the elaborate and ingenious argument of the defendant's counsel, I should have supposed there could be no question in respect to the jurisdiction of this court to try it.   Of course the argument goes to the extent of insisting that a final judgment rendered upon this demurrer, by this court, would be a nullity, because the want of jurisdiction would appear upon the face of the record. Unless the argument goes this length, its fallacy must be but too apparent.   This would be true, I suppose, if the alleged injury and cause of action grew out of the infringement of a right secured by a patent; because it must be conceded that this court has no jurisdiction in such a case, and the want of it would, in the case supposed, appear upon the face of the record.   But this is no such case.   The violation of the rights secured to the patentee, and his assigns, is no part of the cause of action alleged.   The patent, while it confers an ex-

clusive privilege upon the legal owner of the right, as respects the use of the invention, or the continuance, confers no right or privilege beyond that, and secures no immunity either to the person, or the acts, or the other property of such owner. He still remains amenable to the ordinary tribunals of justice, upon his promises, and for his tortious acts, the same as though he had no exclusive right whatever, even though they relate, in part, to this exclusive right. If he assails and injures another, with his patented implement, or, for the purpose of injuring, asserts a falsehood in regard to it, and thus effects the intended injury, the exclusive right affords no shield, and has nothing to do with the cause of action, except, it may be, incidentally, and as part of the evidence to establish it. This must be so, or the consequence would be a flat denial of justice in a case like this. The plaintiffs could not maintain this action in the United States courts, and must be remediless unless they can prosecute here. The only cause of action alleged is the false assertion and the resulting injury, and the demurrer admits the speaking of the words, their falsity and the alleged injury. Upon the case as it thus stands, there does not seem, to me at least, to be much room for an argument. The defendant comes, admitting the fraud and the injury, and says that the action cannot be maintained in this court, because he holds from the general government an exclusive right to the use of a particular article which he, though falsely, claimed the plaintiffs' article resembled ; and that the federal courts have exclusive jurisdiction of all causes of action for any violation of this exclusive right. It is apparent that the exclusive jurisdiction claimed does not cover the cause of action alleged. The case does not come within the letter or the intention of the act of congress. By the act of congress of July 4, 1836, jurisdiction is given to the circuit court of the United States, or any district court having the same powers, of " all actions, suits, controversies and cases arising under any law of the United States granting or conferring to inventors the exclusive right to their inventions

or discoveries." In respect to all such cases state courts have no jurisdiction. (*Dudley* v. *Mayhew*, 3 *Comst.* 9.) But in an action to enforce the specific performance of a contract for the sale or use of a patent right, it has been held that neither the circuit nor the district court of the United States had any jurisdiction when the parties both resided in the same state in which the action was brought. (*Brooks* v. *Stolley*, 3 *McLean*, 523. *Burr* v. *Gregory*, 3 *Paine*, 426.) In case an issue should be joined in the action, and the plaintiffs put to their proofs to maintain it, they would, I apprehend, be compelled to show affirmatively that their article bore no such resemblance to that of the defendants, as to constitute an infringement of his right. But this would in no sense be an inquiry into an injury to the defendant's exclusive right, nor would it involve any question or controversy under the law granting the patent. It would be a mere comparison of two manufactured articles, in respect to the identity of the plan of construction, and for the purpose merely of establishing the falsity of the assertion, out of which the alleged cause of action has arisen.

The cases cited by the defendant's counsel do not sustain his position. If under the general issue, or any other answer which the defendant may properly interpose, the trial of the action would necessarily involve an inquiry into the nature and extent of the defendant's rights under his patent, and to a determination of those rights, this court, as those cases show, would have no jurisdiction to try the action—as in that class of actions where the issue to be tried is prize or no prize. In all such cases, whatever be the form of the action, if that question arises and is to be tried and determined, the action must be tried in the admiralty court, and no other court has jurisdiction. This is clearly shown in the case of *Hallett* v. *Novion*, (14 *John.* 278 ; *S. C.* 16 *id.* 327,) where all the previous cases are reviewed and commented upon by the distinguished counsel for the respective parties, and by

the court. No matter how the question may be determined, if it is in issue to be tried.

But in this case, no question of patent or no patent, nor any question as to any right the defendant may have under such patent, or any violation of such right, can possibly arise to be tried. The existence of his patent, and all his rights under it, are conceded in the bringing of the action, and the only issue to be tried would.be fraud or no fraud.

I am of the opinion, therefore, that the demurrer was properly overruled at the special term, and that the order should be affirmed.

[MONROE GENERAL TERM, September 1, 1862. *Johnson, Welles* and *J. C. Smith,* Justices.]