SAMUEL D. HOVEY et al., Appellants, v. THE RUBBER TIP PENCIL COMPANY, Respondent.

The courts of this State have no jurisdiction of an action to restrain, or to recover damages for, an injury to a right created by and under the patent laws of the United States.

To maintain an action for a libel injurious to plaintiffs' business, it must be shown, not only that defendant's publication was not ·justified in fact, but that it was with malice or a willful purpose of inflicting injury. *Snow* v. *Judson* (38 Barb., 210) distinguished.

Plaintiffs' complaint alleged, in substance, that they were the owners of a valuable right, secured by letters patent, and were engaged in the manufacture of the patented article; that defendant had printed, published and circulated a circular or notice claiming it to be the owner of various letters patent securing such right, and was exclusively authorized to make and sell such patented articles, and threatening prosecutions for

infringements of its right, in consequence whereof plaintiffs were injured in their trade, etc. Defendant, in its answer, set up its letters patent, and alleged that plaintiffs' trade was an infringement upon its rights. The court below found the issuing of the circular; that it was injurious to plaintiffs' business; but that it was issued in good faith with the sole purpose of advising the public of what they considered their rights; and that the action was one not within its jurisdiction. *Held,* no error.

*Burrall* v. *Jewett* (2 Paige, 134) and *Middlebrook* v. *Broadbent* (47 N. Y., 443) distinguished.

(Argued October 1, 1873; decided January term, 1874.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of defendant entered upon the decision of the court upon trial at Special Term.

This action was brought to restrain defendant from publishing and circulating a circular or notice to the injury of plaintiffs' business, and for damages caused by such circulation.

The plaintiffs' complaint alleged, in substance, that they were the owners of letters patent securing the exclusive right to manufacture, sell, etc., rubber heads to pencils, which invention was of great value, and were engaged in the manufacture of pencils with rubber heads. That defendant, with intent to injure, prepared and published a circular, a copy of which was annexed, and which stated in substance that defendant was the owner of various specified letters patent, for rubber tips for pencils, and rubber tip pencils, and had thereby the exclusive right to manufacture said articles, and cautioned all parties against purchasing such pencils unless manufactured by or under its authority, and expressing an intent to prosecute all infringements; which circular, it was alleged, was a great injury to plaintiffs' business. Defendant's answer, among other things, set forth certain letters patent owned by it, and alleged that the pencils and heads or tips manufactured by plaintiffs were an infringement.

The court found that the parties were the owners of the various letters patent set forth in the pleadings, also the issu-

ing of the circular by defendant, and that it was an injury to plaintiffs' business, but that defendant issued the said circular in good faith, with the sole motive of advising the public of its claim, and warning all who should vend the articles (other than its licensees) that they ran the risk of being cast in damages for infringing its patents.

And as conclusions of law it found as follows :

1. If defendant, under its letters patent, had the exclusive right to manufacture and vend rubber tips for pencils and rubber tip pencils (including therein pencils made in the manner as manufactured by plaintiffs) then it is its right, and a matter of fair play to the public, to give notice of its claim, and a warning, so that penalties may not be incurred by the public for vending without permission of the patentee an article which is patented.

2. To decide whether the defendant has the exclusive right, would call for a decision as to the validity of its patents, as to validity of the plaintiffs' patent, as to whether plaintiffs' patent is subordinate to defendant's, as to whether it is an infringement, and as to whether the pencils, as manufactured by plaintiffs, infringe on the patents held by defendant.

3. The decision of these various questions rests exclusively in the United States Circuit Court.

4. The case, as presented, is therefore one over which this court has no jurisdiction.

And directed judgment dismissing complaint, which was entered accordingly.

*Ambrose Monell* for the appellants.   The jurisdiction of the United States Courts is exclusive in all actions arising under the patent laws.   (5 U. S. Stat. at Large, 124, act of 1836, § 17; act of .1870, § 55; *Rollins* v. *Hinks*, 41 L. J. [N. S.], part 1, Chancery, 358.)   Where the question of patents is only collaterally in issue, that fact does not divest the State court of jurisdiction.   (*Middlebrook* v. *Broadbent*, 47 N. Y., 443; *Slemmer's Appeal*, 58 Penn., 156; *Sherman* v. *Champ.*

*Tr. Co.*, 31 Vt., 162; *Cross* v. *Huntley*, 13 Wend., 385; *Head* v. *Stevens*, 19 id., 411; *Hotchkiss* v. *Oliver*, 5 Den., 314; *Burrall* v. *Jewett*, 2 Paige, 134, 146.) Plaintiffs are entitled to equitable interposition and relief. (*Messerole* v. *Goldsmith*, MSS. op., per Ingraham, J.; *S. Spinning Co.* v. *Riley*, 6 L. R. [Eq. S.], 551; *Dixon* v. *Holden*, 7 id., 489; *Brandreth* v. *Lance*, 8 Paige. 24; *Burrall* v. *Jewett*, 2 id., 145.)

*John S. Washburn* for the respondent. This action will not lie against defendant for issuing and circulating the notices of infringement. (*Wren* v. *Wild*, 4 L. R. [Q. B.], 70, 73, 74; *Pitt* v. *Donovan*, 1 M. & S., 639.) It was properly held that the State court had not jurisdiction. (Act of Congress, 1793, § 5; act of Congress, 1870, § 55; *Burrall* v. *Jewett*, 2 Paige, 134; *Gibson* v. *Woodworth*, 8 id., 131; *Dudley* v. *Mahew*, 3 Comst., 14; *Tomlinson* v. *Battel*, Law's Am. Deg., 229, pl. 11, 12; *Ball* v. *Murray*, 10 Penn., 113; *Elmer* v. *Pennal*, 40 Me., 434.) Plaintiffs' claim is not the subject of an injunction. (*Clark* v. *Freeman*, 10 Beav., 112; *Brandreth* v *Lance*, 8 Paige, 24.)

Johnson, C. The plaintiffs' case, as they have alleged it, rests upon the validity of their patent for a new and useful improvement in rubber erasers, under which they aver themselves to be the only persons empowered to manufacture and sell the rubber heads, the right to make and sell which was secured by that patent. This right thus secured, and in the exercise of which they are now carrying on a profitable trade in making and selling the article patented, they claim has been invaded by the defendant. The act complained of consisted in the printing and issuing by the defendant, to persons who might have became purchasers from the plaintiffs, a circular or notice, in which the defendant claimed to be itself the proprietor of various letters patent for rubber tips or rubber tip pencils, and to be the only persons authorized to make and sell articles of that sort, and gave

notice of its purpose to hold all persons legally responsible for any infringement of its rights. In consequence, the plaintiffs say that persons have been deterred from buying their articles, and that they have sustained and are sustaining injury in their trade. Upon these facts they sought an injunction and damages. The defendant, in answer, sets up affirmatively its various letters patent, and insists that the trade of the plaintiffs is an infringement of the defendant's rights, and it puts in issue the validity of the plaintiffs' patent. At the trial the court found the issuing of the circular, and that it was injurious to the trade of the plaintiffs, but also found that it was issued in good faith, with the sole motive of advising the public of the defendant's claim, and warning dealers of the risk they incurred if they should infringe its patents. The court also found the issuing of the patent claimed by the plaintiffs, and of the patent claimed by the defendant; that the defendant claimed that the plaintiffs' patent was subordinate to its patents, and that the plaintiffs' manufacture was an infringement on its rights, while the plaintiffs claimed that the defendant's patents were void by reason that one Gray was the first inventor of the inventions claimed by the defendant's patents. It was thereupon decided by the court that the case, as presented, was one not within its jurisdiction, but that jurisdiction appertained to the Circuit Court of the United States.

The first question, therefore, which we have to consider, is the correctness of the decision in regard to the jurisdiction. The determination of this question must depend upon the United States statutes in respect to patents enacted in 1836, and in force when this suit was commenced, as well as when the several patents involved were issued. (5 U. S. Statutes at Large, § 14, etc., pp. 423, 424, 425.) This statute received an interpretation by the Court of Appeals in *Dudley* v. *Mayhew* (3 Comst., 9), where it was adjudged that the courts of this State had no jurisdiction to restrain the infringement of a patent right. The decision was placed upon the ground that by the true construction of the seventeenth section of that act, original

and exclusive jurisdiction of the controversies specified in it was conferred upon the courts of the United States. The specification of the section is, "all actions, suits, controversies and cases arising under any law of the United States granting or confirming to inventors the exclusive right to their inventions and discoveries." The adjudication covers two propositions: One, that in the cases stated the jurisdiction of the United States courts is exclusive; the other, that a suit to restrain an infringement is one of the enumerated cases. The decision in *Gibson* v. *Woodworth* (8 Paige, 132) is in harmony with *Dudley* v. *Mayhew*, though pronounced on a different section of the statute, relating to interfering patents. The earlier case of *Burrall* v. *Jewett* (2 Paige, 134) is explained, in the preceding case, as having been founded on an earlier statute, the language of which was thought by the chancellor to differ materially from the act of 1836. The point upon which the explanation was given was not, however, material to the decision in *Burrall* v. *Jewett*. That was a suit to rescind a contract and have delivered up the securities given as its consideration, on the ground of a mistake of fact. The plaintiff bought of the defendant a patent right on the footing that it secured the right to make a certain machine. It turned out that this was not so. Obviously, any inquiry under the patent laws, was merely incidental, and by way of enabling the court to answer the question whether a mistake as to the matter of fact had occurred. The case is really only an authority to the position that when an inquiry under the patent laws becomes necessary collaterally, the State courts may make it; such inquiry being necessary to the administration of those branches of the law with which they are charged, and not expressly or impliedly prohibited to them by any exclusive grant of cognizance to the courts of the United States. The case of *Middlebrook* v. *Broadbent* (47 N. Y., 443), was of the same character. It was an action in equity on a bond conditioned to be void if certain letters patent for making paper were valid, and secured an exclusive right. The plaintiffs averred that they

were not good but valueless and secured no right, and asked to have the contract rescinded and a note given for the purchase-money canceled.    The report of the facts is not very full, but the court after a review of all the authorities, held that in an action on a contract a State court had jurisdiction although the validity of a patent might be involved; and that it was not material whether the right of the plaintiff or of the defendant required its consideration.    No case questions the decision in *Dudley* v. *Mayhew*, and the doctrine of that case has been generally accepted by the profession and the courts in this State, as establishing the law.

The case before us is founded upon the right of the plaintiffs under the patent law.    To that right they allege an injury by the act of the defendant.    The defendant admitting the fact attributed to it, justify it under rights which it claims under the same laws.    To dispose of the question requires the direct decision of the court upon these rights, with a view to ascertain, in the language of the statute, whether there has occurred a violation of the right of an inventor as secured to him by the laws of the United States.    If the plaintiffs' patent is invalid, they have no standing in court founded upon it.    If the defendant's patents are valid, it was in giving the notice complained of, in the exercise of its clear civil right to print the truth and circulate it even though it injured the plaintiffs.    Of such a suit no case decides or intimates that the State courts have jurisdiction.

For the sake of a clearer understanding of the question involved, it is proper to add that leaving out of the plaintiffs' case their patent as the foundation of their action, the suit if sustainable at all, would possess an entirely different character.    It would then be an action for redress of a libel injurious to the plaintiffs' business, and would stand on the same substantial footing as an action of slander of title.    But to the maintenance of such an action it is not enough to show that the defendant's publication is not justified in fact. Malice or a willful purpose of inflicting injury, is a necessary ingredient of the action.    If the defendant, believing itself

to have an exclusive patent, issued such a notice in good faith as a warning to dealers against an invasion of its rights, it in so doing would only have discharged a moral obligation and satisfied the demands of fair dealing. In such a case a mistake on its part as to the validity of its right, would not have rendered it liable to an action. This has been adjudged after elaborate argument in the Queen's Bench. (*Wren* v. *Wield,* Law R. [Q. B.], vol. 4, p. 70.) With this the case of *Snow* v. *Judson* (38 Barb., 210), is entirely in harmony, for there the action was sustained, because by the demurrer it was admitted that the statements complained of, were intentionally false and made to prevent sales by the injured party.

It is obvious, therefore, as the result of what has been said, that the plaintiffs upon the case presented, have no right except upon the footing of its patents and next that as to any right which may exist on that foundation, it directly depends upon questions arising under the patent laws, and is determinable only in the proper court of the United States.

The judgment should be affirmed.

All concur.

Judgment affirmed.