## SUPREME COURT.

### SILAS C. CROFT and others agt. ORLO W. RICHARDSON and others.

*Rights of rival patentees in publishing their claims — Jurisdiction of state courts to restrain the publication by one patentee of malicious libels concerning another's business, who is selling a similar article of manufacture.*

It is legal and proper for parties claiming rights under letters patent to publish the rights claimed by them, and to give notice and warning of prosecutions of all parties who violate the rights secured by such patent, if done in good faith, and the courts will not restrain publication and circulation of that character.

But where, as in this case, the publication substantially charges that plaintiffs are prosecuting a business which is an unlawful interference with the defendants' rights, and are irresponsible and hoping to make something out of it before legal proceedings are taken, and that their efforts in that direction are nefarious:

*Held*, that this language is quite too excessive to convey simply information that plaintiffs and their patrons have no right to make and sell the article of which they claim to be the patentees, and are liable to defendants for so claiming, and the state courts have the right and jurisdiction to restrain such publication.

*Special Term, July*, 1880.

Croft agt. Richardson.

THIS suit is brought to recover damages on account of alleged false and malicious statements, threats and warnings of defendants to customers of plaintiffs and parties dealing or about to deal with them, and for an injunction to restrain defendants from further interference with the business of plaintiffs. The defendants say that one of them patented an invention, for the use of which the other defendants pay a royalty; that one of the plaintiffs, who had been in the employ of one of the licensees, after having been discharged, combined with the other plaintiffs, and commenced to manufacture and sell the invention in competition with the business of defendants, in disregard and violation of the patent, and the publication complained of was to protect the rights and business of the licensees from this alleged unlawful and unjust encroachment; and the giving the information they did, under the circumstances, was not only their right but their duty. The case came before supreme court, chambers, upon a motion to restrain the defendants from publishing and distributing two circulars. The plaintiffs have a patent for an " exhibitor" granted in 1879, and defendants' patent for the same article is dated in 1875. The circulars represent that plaintiffs and other irresponsible parties are sending out circulars " trusting to make a considerable profit before legal proceedings put a stop to their nefarious efforts."

POTTER, J.—" Will the law permit the continuation of such publication? It is legal and proper for parties, claiming rights under letters patent, to publish the rights claimed by them, and to give notice and warning of prosecution of all parties who violate the rights secured by such patent, if done in good faith, and the courts will not restrain publication and circulation of that character (*Hovey* agt. *Rubber Co.*, 57 *N. Y.*, 119). In this case the plaintiffs claim the right to dispose of a carpet exhibitor under the patent granted to Peterson, but do not deny the existence or validity of the patent granted to defendant Richardson, or the defendants' rights

Croft agt. Richardson.

thereunder to make and dispose of the same. The defendants, however, do deny the validity of plaintiffs' patent, and the rights under the same claimed and exercised by plaintiffs. This court has no jurisdiction to try and determine disputed rights and claims under patents granted by the United States government. But that is not the real question involved in this controversy between these parties. The plaintiffs, while not denying defendants' rights under the Richardson patent, claim that they have rights under the Peterson patent, and that they are lawfully engaged in the business of making, selling and leasing exhibitors under their patent, and that the defendants are publishing false and malicious libels concerning the plaintiffs' business, and their business character and transactions. This the state courts have the right and jurisdiction to restrain (*Snow* agt. *Milson*, 38 *Barb.*, 210 ; *Thorley* agt. *Massam, a case in the English chancery division, and published in the Albany Law Journal, vol. 21, page* 171). The circulars issued and distributed among the parties dealing with the plaintiffs go beyond making the claim that plaintiffs are infringing upon the rights of the defendants and giving notice of such infringement and its legal consequences. They substantially charge the plaintiffs are prosecuting a business which is an unlawful interference with the defendants' rights and are irresponsible and hoping to make something out of it before legal proceedings are taken, and that their efforts in that direction are nefarious. This language is quite too excessive and ill chosen to convey simply information that plaintiffs and their patrons have no right to make and sell exhibitors, and are liable to defendants for so claiming. At all events, I think it quite safe to hold that such language is satisfactory evidence of malice until the defendants commence an action in good faith, against the plaintiffs or other parties, to vindicate the rights which the defendants claim. "

Motion granted.