By the Coitet.—Sedgwick, Ch. J.
The learned judge below was of opinion that this áction was to be determined by the rules that are applied in actions for slander of title, and cited Hovey v. The Rubber Tip Pencil Co. (57 N. Y. 125). He further said that the matter complained of was at least a privileged communication, and that the complaint must be dismissed, because the plaintiff had not proved malice in fact. A supposed slander of title is one kind of privileged communication. Its subject matter is, as in the present case, a claim of right, in the nature of property, antagonistic to a right claimed by the plaintiff.
The learned counsel for plaintiff claims that the circulars sent out by defendants charge “ that the publication by the plaintiff of the books in question infringed a copyright which the defendants claim still existed in later editions of Hyperion and Outre-Mer, revised by Longfellow after their first publication.”
The testimony disclosed that the defendants had made agreements with Mr. Longfellow under which they published the books ; that Mr. Longfellow claimed that he had copyright in the books; and that on Hyper ion when published in 1869 by defendants, there was a claim of copyright; Outre-Mer was published in 1865. The plaintiff claimed the right to publish its editions of the books, because as it claimed, they were reprints of the early editions of the books, printed in 1835 and 1839, the copyright in which had expired with the forty-two years thereafter. The plaintiff knew, before it published, the nature of defendants’ claim as to Hyperion, for in order to ascertain what was the edition of 1839, it compared a copy of defendants’ edition of 1869, *66 which claimed a copyright, with a copy of the edition of 1839, that was in the library at Cambridge. The comparison was imperfect, and the plaintiff published in its edition 183 variations of the early edition. These variations were in defendants’ edition of 1869. The plaintiff seems to have been mistaken in the assertion of its circular of April 13, 1882, that “We obtained a copy of the 1835 edition of Outre-Mer and a copy of the 1839 edition of Hyperion and ours are exact reprints of these two editions.”
In Like v. McKinstry (4 Keyes, 409), the court declared : “ It is however not enough that the words spoken were injurious and were untrue. It must also be shown that they were malicious. It is entirely clear that if a person have or believe that he has a claim to property offered for sale to third persons, and in order to prevent their purchasing, he in good faith discloses his claim according to its true import, no action will lie against him. ... It must therefore appear that he acted with malice in asserting that he had title.” In the same case in the supreme court (41 Barb. 190), Judge Miller had held that the plaintiff must show that the words were false and that they were uttered maliciously.
In Kendall v. Stone (2 Sand. 284), the court said, “ The plaintiff assumes the burthen of proving not only special loss but actual malice.”
In Gerard v. Dickenson (2 Co. R. 309), it ivas resolved that a defendant was not liable for saying that she had an interest in a manor in fact the property of the plaintiff. “ For if an action should lie when the defendant herself claims an interest, how can any make any claim or any title to any land, or bring any suit, or seek advice and counsel, but he should be subject to- an action? which would be inconvenient.” But it was also resolved that an action did lie, if the plaintiff alleged and proved that the defendant knew that the interest she claimed depended upon a deed, which she knew to be forged. In such a case malice would be proved.
*67 And so in the present case, if the plaintiff had given evidence to show that the claim made by defendants was groundless and known by them to be groundless, there would be room to assert that the evidence tended to show malice. More than the mere falsity of the claim would appear. The jury might find that the defendants had intended to stop the sales of plaintiff’s books by means of falsehood.
The plaintiff’s case assumes that it is impossible that the publications of the original editions of Hyperion and Outre-Mer should be an infringement of the copyright of books of the same names published after the expiration of forty-two years, and that the defendants could not have believed that such publications were infringements. In fact however, speaking now only of Hyperion, the plaintiff did not publish only the original edition. Their publication contained the 183 variations referred to. These had been made by Mr. Longfellow. They were part of the ground of his claim of copyright. The defendants’ claim as to copyright relied upon these variations. The counsel for plaintiff argues that there can be no copyright in such variations, inasmuch as is asserted they do not affect the substance of the original work. I refrain from passing upon this position, to avoid incidentally passing upon what is copyright and what is an infringement of it, when the court has no power to pass upon such matters directly. I prefer to say that the issue at this point turns upon a matter of law, and that a mistake as to the law, when made by one in a claim of right in himself, and appearing to be only a mistake, is not malicious, and could not be found by a jury to be malicious.
In Mildmay’s case (1 Co. 421), it was held that in slander of title for declaring that a third person had a lease of 1000 years of the plaintiff’s land, when the lease was void at law, it is no defence that such a lease was actually made. The notevto the case observes that the words were spoken by a person not interested in the *68 property, and the case itself gives as the reason of the decision, that the defendant had taken upon himself the knowledge of the law, meddling with a matter that did not concern him.
There was no testimony tending to show that any part of the defendants’ claim in respect of Hyperion was not made honestly, or that the defendants knew or believed that the claim was without validity.
As to Outre-Mer, the defendants proved that- the edition published by plaintiff contained twenty-four variations from the original edition, and which were in defendants’ edition. The witness who spoke to this was allowed to put in evidence a written list of these variations, without producing the books that had been compared. The counsel for plaintiff objected to the list as secondary evidence, maintaining that the books should first be placed in evidence. The objection does not appear to be valid. The plaintiff had previously undertaken to prove, by a witness called by it, that its edition was a reprint of the original edition without producing that edition. This justified evidence from the defendants on the subject, without their production of the books. The alleged libel as to Outre-Mer was in part an advertisement by defendants that their edition was the only revised copyright edition. What has been said of defendants’ claim as to Hyperion applies to their claim of copyright in Outre-Mer. The plaintiff gave no testimony tending to show that the defendants were malicious in making their claim.
The defendants also advertised of editions of Hyperion and Outre-Mer, which they were about to publish as follows : They contain all the changes and revisions made by Mr. Longfellow in later years, and are the only authorized - cheap editions in the market.” The plaintiff claims that the latter statement was false, as to the republication by plaintiff of the original edition. Still bearing in mind that the plaintiff published in- its edition changes and revisions that had appeared in the *69 editions of defendants, published by Mr. Longfellow’s authority, there was no proof that the claim of defendants as to sole authority was malicious.
In my opinion the admission of the certificate, as to the deposit of the title of the book Hyperion, by the Librarian of Congress, was erroneous. That does not call for a reversal, as the admission does not affect the question here discussed, of whether the plaintiff had given any testimony tending to show malice. Because it did not, the judgment appealed from should be affirmed with costs.
Truax and O’Gormar, JX, concurred.