FLINT *et al. v.* HUTCHINSON SMOKE-BURNER CO.

*(Circuit Court, E. D. Missouri, E. D.* May 4, 1889.)

COURTS—JURISDICTION OF STATE COURTS—SLANDER OF TITLE TO PATENT.

The state courts have jurisdiction of a bill alleging that complainants are the owners of a patented device; that defendant owns a similar patent, and has published, and is about to publish, a notice that complainant's device is an infringement of defendant's patent; that such publication is false, and known by defendant to be false; that it is made maliciously, and with intent to injure complainants' business; and praying an injunction to restrain such further publication. The question of infringement is not the sole, nor even the principal, issue in such case.

In Equity. On application for preliminary injunction.

The bill alleged in substance that complainants were the owners of a patent for a certain smoke-preventing device; that the defendant was also the proprietor of several patents for smoke-consuming devices; that the defendant had published a notice that the smoke-preventing device constructed by the complainants was an infringement of defendant's patents; that the statement so made was false, and known to the defendant to be false; that the publication was made maliciously, and with intent to injure the complainants in their business of manufacturing and selling smoke-preventing devices. It further averred that defendant was about to send out other similar notices to customers of the complainants; and in view of the premises the bill prayed that an injunction might issue to restrain them from so doing.

*Paul Bakewell,* for complainants.

*James L. Blair,* for defendant.

THAYER, J. This is very clearly a bill to restrain the publication of a libel that injuriously affects complainants' business. It is averred that the notice sent out by the defendant is false in that it states that the smoke-consuming device made by Flint is an infringement upon letters patent granted to Hutchinson; that defendant knew the statement to be false, and willfully and maliciously sent it to one of complainants' customers with intent to injure complainants. Unquestionably the state courts have jurisdiction of such suits, unless the fact that the statement was made with reference to a patented article deprives the state court of jurisdiction, and vests it in the federal court. Is that fact sufficient to oust the state court of jurisdiction, and vest it in the federal court, although both parties are citizens of Missouri? I think not. The wrong complained of consists in the intentional publication of a statement known to be false, with intent to injure complainants' business, which statement has a natural tendency to work such injury. The right of action does not grow out of the patent law, but is given by the common law. *Benton v. Pratt,* 2 Wend. 385; *White v. Merritt,* 7 N. Y. 352; Townsh. Sland. & Lib. § 206, and cases cited. That the statement made affects the sale of a patented device is purely accidental. The right to sue

would be just as perfect if the libel circulated affected the sale or demand for an article not patented. It may not be necessary on the trial of the case to determine whether complainants' smoke-preventing attachment is or is not an infringement of defendant's patent. Defendant may rest its defense solely on the ground that it believed it to be an infringement, and that it acted in good faith in the assertion of a supposed legal right. In no aspect of the case can the question of infringement be regarded as the sole, or even the cardinal, issue. It is a question that may arise incidentally, if defendant justifies the publication of the notice on the ground that the statements contained therein are true. But, even if the case should assume that complexion on a plea of justification, it would not, in my opinion, oust the state court of jurisdiction. It has several times been held that the state courts are not ousted of their ordinary jurisdiction merely because the trial of the case may involve the determination of some question under the patent laws. In *Middlebrook* v. *Broadbent*, 47 N. Y. 443, a bill to rescind a contract and cancel a note was held to be rightfully entertained by a state court, although the trial involved the question of the validity of a patent. In *Snow* v. *Judson*, 38 Barb. 210, a suit to recover damages for the publication of a libel affecting plaintiff's business was entertained by a state court, although it incidentally involved the question whether an article sold by plaintiff was an infringement of a patent belonging to the defendant. These cases are recognized and affirmed in the later case of *Hovey* v. *Pencil Co.*, 57 N. Y. 124. In the last case, however, the jurisdiction of the state court was denied because the complaint was so framed that the only issue presented was whether the article manufactured by plaintiff was an infringement of defendant's patent. The complaint did not aver that the publication complained of was uttered maliciously with a view of injuring plaintiff's business, hence it could not be entertained as a bill to restrain the publication of a libel over which the state court would have had jurisdiction, even though the trial involved incidentally, or might involve, the determination of a question of infringement. In the case at bar complainants have been very careful to allege the falsity of the publication complained of, knowledge of such fact on the defendant's part, and malice inducing the publication; thus making out a cause of action in the nature of slander of title over which the state courts have jurisdiction, and this court has not jurisdiction, unless the parties are citizens of different states. The case of *Smith* v. *McClelland*, 11 Bush, 524, contains nothing in opposition to these views. In that case plaintiff sued on a note, and defendant, by way of set-off, sought to recover damages sustained by the infringement of letters patent belonging to him. The court held that it had no jurisdiction over the set-off, and accordingly dismissed it. The difference between that case and the one at bar is obvious. The well-known case of *Manufacturing Co.* v. *Vulcanite Co.*, 13 Blatchf. 375, (also cited by complainants,) is not in point. So far as that case has any relevancy, it appears to me to be a decision against the complainants, in that it holds that injuries done to the trade, profits, or business of a manufacturer by the publication of a libel do not fall

within the preventive scope of the patent laws. Injuries of that character must be redressed by ordinary common-law methods, and jurisdiction to afford such redress must be acquired by the federal courts by virtue of diverse citizenship. As at present advised I am of the opinion that complainants are in the wrong forum to obtain relief for the injury described in the bill, and I shall for that reason refuse an injunction, regardless of what the affidavits disclose.