Henry Zenie and Another, Copartners Trading as Zenie Brothers, Respondents, *v.* Herbert L. Miskend and Lande & Miskend, Inc., a New York Corporation, Appellants.

First Department, December 13, 1935.

*Asher Blum* of counsel [*Mock & Blum*, attorneys], for the appellants.

*Edward J. Leon* of counsel [*Harold Weill* with him on the brief; *Leon & Weill*, attorneys], for the respondents.

UNTERMYER, J.   The Special Term denied the defendants' motion to dismiss the complaint made upon the grounds (1) that it fails to state facts sufficient to constitute a cause of action; (2) that the court has not jurisdiction of the subject of the action, and (3) that there is another action pending between the same parties for the same cause.

The action is at law for damages resulting from alleged unfair methods of competition on the part of the defendants.   The complaint alleges that the plaintiffs for many years have manufactured a particular kind of seam used in the production of garments.   They do not allege nor contend that they have any patent on the seam.   On the contrary, it is their claim that the seam is not patentable because it has been in common use for a long period of time.

The complaint alleges that the defendants, competitors of the plaintiffs, obtained a United States patent on the seam upon false statements to the Patent Office, well knowing that the seam had been in public use for many years not only by the plaintiffs but by others and, therefore, was not patentable.   It is further alleged that the defendants, though knowing their patent to be void, by notices to the trade have threatened with infringement suits persons who purchase such seams otherwise than from them, thereby inflicting serious injury on the plaintiffs' business.   For these acts of alleged unfair competition damages are demanded but no equitable relief.

The plaintiffs first instituted an action in equity in the United States District Court for the Southern District of New York upon a bill of complaint containing two counts: The first, for a declaratory judgment declaring the defendants' patent to be void; the second, for an injunction restraining the defendants from the same acts of alleged unfair competition of which the plaintiffs now complain. The District Court held (10 Fed. Supp. 779) that the count for a declaratory judgment concerning the validity of the defendants' patent was maintainable in the Federal court, but that in the absence of diversity of citizenship it had no jurisdiction of the count demanding an injunction against acts of unfair competition.   The court said: " On the count for unfair competition, the defendants' motion is well taken.   There is no diversity of citizenship, one of the plaintiffs being a citizen of the same State as the defendants.   [*Strawbridge* v. *Curtiss*, 3 Cranch, 267.]   The cause of action for unfair

competition is pleaded as a separate and distinct one. There is then no jurisdiction in a Federal court to try the issue of unfair competition, whatever the sufficiency of the other cause of action. (*Hurn* v. *Oursler*, 289 U. S. 238, 248.) "

Thereupon the plaintiffs instituted this action for damages for unfair competition, which the District Court had held not to be within its jurisdiction and over which, it is now contended by the defendants, the courts of this State also have no jurisdiction. Of course, if this be so, then there is no forum which is competent to accord relief.

The first and third branches of the motion may first be considered. It is first contended that the complaint does not state a cause of action and the opinion of the District Court, citing *Emack* v. *Kane* (34 Fed. 46), is referred to as sustaining that contention. We think the District Court did not so hold. The bill in the Federal court was in equity and thereby the plaintiffs sought to enjoin the defendants from circulating among the plaintiffs' customers notices falsely stating that the plaintiffs might not lawfully manufacture and sell the seam because it constituted an infringement of the defendants' patent. Of course, an action for an injunction restraining the defendants from such a publication, though unlawful, could not be maintained for reasons which are self-evident and fundamental. (N. Y. Const. art. 1, § 8; *Marlin Fire Arms Co.* v. *Shields*, 171 N. Y. 384.) It could not be maintained even if these statements were made without intent to follow them with infringement suits. The suggestion to the contrary in *Emack* v. *Kane* (*supra*) has been expressly disapproved. (*Marlin Fire Arms Co.* v. *Shields*, *supra*.) The plaintiffs, however, are not without a remedy at law for unfair competition, if they are able to establish that the defendants are attempting to alienate their customers by false statements that the plaintiffs have no right to sell nor the customers to buy the seam on account of the existence of a patent which they know to be void. In this respect it is as if the defendants were engaged in falsely stating to the trade that the plaintiffs' product was unfit for use or that they were selling stolen merchandise.

The contention likewise is not tenable that this motion cannot be maintained on account of the pendency of the action in the United States court. That action is for a declaratory judgment concerning the validity of the defendants' patent. In that action, as it now exists, no damages are demanded nor could be awarded to the plaintiffs. The present action is for the damages sustained by the plaintiffs in consequence of false statements circulated in the trade. Since the plaintiffs cannot secure in the United States court the only relief which they seek in this action, it is manifest that the pendency

of the Federal action constitutes no bar. (Clephane Equity Pleadings and Practice, p. 180, and cases cited.)

This leaves for consideration the question whether the State court rather than the Federal court has jurisdiction of this action — a jurisdiction which, it may be observed, the Federal court has already declined to entertain. In considering that question it must be remembered that the plaintiffs do not assert any right under any patent. Their cause of action is for unfair competition upon allegations that the defendants are falsely asserting that the plaintiffs have no right to manufacture this particular kind of seam. Although it is evident that in the course of the litigation it may become necessary to determine the validity of the defendants' patent, that question is incidental and collateral to the determination of the question of unfair competition. The same would be true if it should appear that the defendants had made these assertions without securing any patent at all, or, by means of a forged patent, were attempting to intimidate the plaintiffs' customers. In all such cases the cause of action would be for unfair competition and not upon a patent right. It would not present a " case " arising under the patent laws even though the " question " of the validity of a patent might arise and require determination. The rule has been formulated by the Supreme Court of the United States as follows: " To constitute such a cause [a cause arising under the patent laws of the United States] the plaintiff must set up some right, title or interest under the patent laws, or at least make it appear that some right or privilege will be defeated by one construction or sustained by the opposite construction of these laws. * * * There is a clear distinction between a case and a question arising under the patent laws. The former arises when the plaintiff in his opening pleading — be it a bill, complaint or declaration — sets up a right under the patent laws as ground for a recovery. Of such the State courts have no jurisdiction. The latter may appear in the plea or answer or in the testimony. The determination of such question is not beyond the competency of the State tribunals." (*Pratt* v. *Paris Gas Light & Coke Co.*, 168 U. S. 255, 259.) It is, therefore, no objection to the jurisdiction of the State court that, as an incident to the determination of the common-law right asserted by the plaintiffs, it will be necessary for the State court to determine the validity of the patent on which the defendants rely to justify their statements to the trade. In the case last cited, the action was to recover the price of a patented machine sold to the defendant. The defendant, as a defense, asserted that the plaintiff's patent constituted an infringement upon prior patents, in consequence of which the defendant was unable to use the machine. Thus, the decisive issue

in the State court was whether the plaintiff's patent was a valid one or whether it was void as an infringement upon earlier patents. Nevertheless, it was held that since the plaintiff was not relying on any patent right in order to recover but was asserting only a right at common law, the State court has jurisdiction to the exclusion of the Federal courts. Similarly, in *Middlebrook* v. *Broadbent* (47 N. Y. 443), the action was to cancel a bond given by the defendants to the plaintiff in connection with the sale of a machine, and conditioned upon the validity of certain patents pertaining to it. It was held that even though the only question presented was the validity of these patents, the action was not upon any statute of the United States but upon a contract or bond, and was properly instituted in the State court. PECKHAM, J., said (p. 446): " It will be observed that this is an action founded entirely upon the bond, but it appeals to the equity powers of the court for relief. It is not an action upon any statute of the United States. It is founded upon this bond or contract. In such case a State court has jurisdiction. * * * It is held that a State court has no jurisdiction of an action for an infringement of a patent. That would necessarily be founded upon the action of Congress. [*Gibson* v. *Woodworth,* 8 Paige, 132; *Parkhurst* v. *Kinsman,* 2 Halst. Ch. (6 N. J. Eq.) 600; *Parsons* v. *Barnard,* 7 J. R. 144; *Dudley* v. *Mayhew,* 3 Coms. (N. Y.) 9; *Tomlinson* v. *Battel,* 4 Abb. Pr. 266.] These cases, however, do not decide that an action upon a contract cannot be maintained, because the validity of a patent may be involved therein. Nor are they inconsistent with such a position."

These principles serve to distinguish the decisions on which the defendants rely. In *Continental Store Service Co.* v. *Clark* (100 N. Y. 365) it was held (ANDREWS, RAPALLO and DANFORTH, JJ., dissenting) that the State court had no jurisdiction to restrain a defendant from using a patent issued to him by the United States where *both parties* asserted rights thereunder and the effect of the injunction was to determine which of the parties was guilty of infringement. It may also fairly be contended that this case is overruled by the later decision in *New Era Electric Range Co.* v. *Serrell* (252 N. Y. 107). In *Hovey* v. *Rubber Tip Pencil Co.* (57 N. Y. 119), also relied on by the defendants, the plaintiffs asserted rights under a patent issued to them and not, as in the instant case, a common-law right to manufacture free from illegal interference by means of false statements to the trade. Jurisdiction was refused because the cause of action was " founded upon the right of the plaintiffs under the patent law." That case illustrates the very distinction which is present here, for, as we have said, the test of jurisdiction is whether, in order to recover, the

plaintiffs must rely upon a patent right. If the plaintiffs need not rely upon a patent right, then they may maintain this action in the courts of this State. Here they are asserting a common-law right to damages for unfair competition which they enjoy, not in consequence of any patent, but together with every other person within the jurisdiction of the State. They cannot be deprived of the right to maintain an action of this character in the courts of this State because the defendants have asserted to the trade and are now insisting in justification of their acts that they are the owners of a patent. If the cause of action were for libel, as upon these facts it might have been, it would hardly be contended that the State courts would not have jurisdiction.

The order should be affirmed, with twenty dollars costs and disbursements, with leave to the defendants to answer within twenty days after service of order on payment of said costs.

McAvoy and O'Malley, JJ., concur; Martin, P. J., and Merrell, J., dissent and vote to reverse and grant the motion.

Martin, P. J. (dissenting). The defendants appeal from an order denying their motion to dismiss the complaint upon the ground (1) that it fails to state facts sufficient to constitute a cause of action; (2) that the court has no jurisdiction of the subject of the action, and (3) that there is another action pending between the same parties for the same cause.

The complaint alleges that the defendants obtained a United States patent for a certain seam upon false statements made to the Patent Office, well knowing that before the alleged invention of said seam by the defendants it had been for many years in public use by the plaintiffs, competitors of the defendants, and by many other persons. It is further alleged that the defendants after the granting of the patent informed the entire industry of the granting thereof and threatened with suit all those who purchased from any one other than the defendants. It is then alleged that the defendants, well knowing the patent to be invalid and that it could not stand the test of an adjudication by a court of competent jurisdiction, seek to capitalize unlawfully ownership of this invalid patent as far as possible before the patent is invalidated, to the damage of these plaintiffs and to the advantage of the defendants. Damages in the sum of $100,000 are demanded. No injunctive relief is sought.

This court is without jurisdiction to entertain this action, since it is based entirely upon the alleged invalidity of defendants' patent and directly involves that issue.

The case of *Pratt* v. *Paris Gas Light & Coke Co.* (168 U. S. 255), which is referred to as sustaining the complaint herein, appears

to fall within the class of cases where the State court has jurisdiction because the validity of the patent is not directly involved. The court in that case stated that " The only Federal question presented by the record in this case turns upon the admissibility of evidence tending to show that the patents issued to the plaintiffs Pratt and Ryan were infringements upon a prior patent issued to Springer. Plaintiffs contend that the State court, by admitting such testimony, thereby assumed jurisdiction of a patent case, in violation of Rev. Stat. § 711." The court then pointed out that the action was not brought to test the validity of plaintiffs' patent, to recover damages for their infringement or to enjoin their use by the defendant, but, on the contrary was an ordinary action for the price of a machine, " a patented machine it is true, but none the less subject to a common law action to recover its value." The court further stated that " No mention is made of a patent in the declaration and the contract having been executed, the action was properly brought upon the common counts."

The defendant in *Pratt* v. *Paris Gas Light & Coke Co.* set up a contract on the part of the plaintiffs to hold the defendant harmless in any suit brought for infringement, alleging that the patents were void and that plaintiffs had failed to defend suits for infringement, whereby the agreement was breached and the consideration for the sale had failed. The court held that under these circumstances the question of the validity of the patent was collateral to the action and that its determination did not deprive the State court of jurisdiction.

A similar case is that of *New Era Electric Range Co.* v. *Serrell* (252 N. Y. 107), also relied upon as sustaining the complaint. In that case the assignment of title to a patent was involved. It was held merely that title to the patent might be determined irrespective of its validity or invalidity.

The distinction between the class of cases where the State court has and has not jurisdiction is made clear in *Continental Store Service Co.* v. *Clark* (100 N. Y. 365, 368), where the court said:

" It is very apparent that cases may arise upon contracts relating to patents and their validity, which are especially within the power and jurisdiction of the State courts, but it by no means follows necessarily that this jurisdiction confers upon the State courts the right to adjudicate and determine questions arising as to infringements made upon rights and privileges which are secured by patents issued by the government. The interpretation of the contract, the effect to be given to its various parts, and even the right to the patent, may well be the subject of consideration within the courts of the State, while any interference beyond this is in contravention

of the general rule that in such an action the jurisdiction rests exclusively within the courts of the United States. In the case now considered the facts which would have been disclosed upon the trial would have authorized the court to determine as to the title of the parties claiming the patents, and to adjudicate in reference to any violation of the contract which affected their interest, except so far as it might interfere with the infringement of the patents and the interests conferred by the same upon the patentee and his assignee.

" It cannot be said, we think, where a suit is brought upon a contract relating to a patent, where it is sought to prevent an infringement upon the rights of the patentee, that the case presented arises exclusively under a contract and not under the patent laws. It may arise under a contract so far as an interpretation of the same is required and demanded, but where it is sought in addition to prevent an infringement of the patent and by injunction to restrain the defendant from an invasion of the plaintiff's rights in the use of the patent, it cannot be claimed that it does not arise under the patent laws, and that, by seeking relief against an infringement upon the rights of a patentee, there is no interference with the jurisdiction conferred upon the courts of the United States in such a case."

The rule thus appears to be that where the very basis of the action depends upon the validity or invalidity of a patent, the State court is without jurisdiction.

There would seem to be no distinction in principle between a case where a patent is alleged to be invalid because the patented device had been in public use prior to the granting of the patent and a case in which the claim is that the patent is invalid because subordinate to a prior patent. There is in each case directly involved a case arising under the patent laws of the United States.

Assuming the correctness of the aforesaid premise, the decision of *Hovey* v. *Rubber Tip Pencil Co.* (57 N. Y. 119) is controlling. That action was brought to restrain defendant from publishing and circulating a circular or notice to the injury of plaintiffs' business, and for damages caused by said circulation. The complaint alleged that plaintiffs were the owners of letters patent, pursuant to which they were engaged in the manufacture of certain pencils; that defendant, with intent to injure the plaintiffs, prepared and published a circular which stated that defendant was the owner of certain letters patent and had exclusive rights to manufacture certain pencils, and cautioned all parties against purchasing such pencils unless manufactured under its authority, expressing the intent to prosecute all infringements. The answer, among

other things, set forth certain letters patent owned by defendant and alleged that the pencils manufactured by plaintiffs were an infringement thereof. Among its conclusions the court held that to decide whether the defendant had the exclusive right would call for a decision as to the validity of its patent and the validity of plaintiffs' patent. It also called for a decision whether one patent was subordinate to the other and whether there was an infringement, the decision of which questions, it was held, rested exclusively in the United States Circuit Court. The court (at p. 125) said: " The case before us is founded upon the right of the plaintiffs under the patent law. To that right they allege an injury by the act of the defendant. The defendant admitting the fact attributed to it, justify it under rights which it claims under the same laws. To dispose of the question requires the direct decision of the court upon these rights, with a view to ascertain, in the language of the statute, whether there has occurred a violation of the right of an inventor as secured to him by the laws of the United States. If the plaintiffs' patent is invalid, they have no standing in court founded upon it. If the defendant's patents are valid, it was in giving the notice complained of, in the exercise of its clear civil right to print the truth and circulate it even though it injured the plaintiffs. Of such a suit no case decides or intimates that the State courts have jurisdiction."

In the case at bar, therefore, it is not an answer to claim that the State court, having jurisdiction of an action in unfair competition, may determine the question of the validity of the patent of the defendants. Under the facts alleged in the complaint there could be no unfair competition if the defendants' patent is valid. If defendants have a valid patent, they have the *legal right* to advertise that fact, and it would follow that there is no basis for an action at law for money damages because of the exercise of that right.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs.

MERRELL, J., concurs.

Order affirmed, with twenty dollars costs and disbursements, with leave to the defendants to answer within twenty days after service of order upon payment of said costs.