SALY I. MAYER et al., Appellants, *v.* GARRET L. HARDY, Respondent.

Where, in an action by one owning a license granting a right to manufacture and sell a patented article, against an assignee of the letters patent who took his assignment after the granting of the license, to restrain him from manufacturing and selling in violation of the rights granted by the license, no question was raised as to the validity of the letters patent or of the license, and the only question in reference thereto was the construction of the latter, *held,* that the case involved no question arising under any act of congress in relation to patents, and so that the state court had jurisdiction.

*C. S. S. Co.* v. *Clark* (100 N. Y. 365); *H. S. M. Co.* v. *Reinoehl* (102 N. Y. 167), distinguished.

By the terms of the license the patentee covenanted to license but one other person, firm or corporation. About the time it was granted said patentee granted to a company another license. *Held,* that by the terms of the license the patentee was not denied the right of manufacturing and selling the patented article, nor was she required to retain title; and that the assignment carried with it all the rights of the patentee.

Also *held,* that conceding whatever rights to the use of the patent remaining in the patentee after the granting of the license were personal, and that the assignment operated, within the meaning of the covenant, in plaintiff's license as a license to the assignee, and so was a breach of the covenant, yet this did not make the defendant, in manufacturing and selling the patented article, a trespasser or wrong-doer, because as against him the rights of the plaintiffs rest upon the grant to them and upon an alleged violation of those rights by defendant, and not upon the covenant, for a breach of which the patentee alone was liable.

(Argued April 14, 1891; decided June 2, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 28, 1889, which reversed an interlocutory and a final judgment in favor of plaintiffs entered upon orders of the Special Term and dismissed the complaint.

This was an action to restrain defendant from manufacturing and selling a certain patented article and to recover damages sustained by his manufacture and sale thereof.

In January, 1879, Gurdon C. Judson entered into an agreement under seal with three of the plaintiffs and the assignee of one of them, whereby she, as the patentee of an improvement in corset clasps, granted unto them a license to make, use and sell them for the term of the patent, and for any reissue thereof, for a royalty fee of fifty cents per gross, they to render an account monthly and to pay the royalty within ten days thereafter; and they agreed to make all due and dilligent effort to sell and increase the sale of corsets and corset clasps containing said patent invention; to assert the validity of the letters patent at all times, and otherwise to aid Mrs. Judson by all the means in their power to prevent infringement thereof; and she agreed with all practicable speed to prosecute any infringers of the patent and protect the privileges so granted to them and not to license more than one other person, firm or corporation without their consent.

About the same time the second license was granted to a company as provided by the terms of the license first mentioned. And the plaintiffs proceeded to manufacture and sell the patented article, and so far as appears, performed the contract on their part.

In October, 1879, Mrs. Judson assigned to the defendant all her right, title and interest in such invention secured to her by letters patent, including all royalties accrued and to accrue from the invention. And the defendant proceeded to manufacture and sell the patented article. This action was afterwards brought to restrain him from further manufacturing and selling it, and to recover damages sustained by reason of his having done so. And amongst other matters the plaintiffs

alleged the defendant, advised of the license to and contract with the plaintiff, has manufactured and sold the patented article in violation of such contract. The defendant, by his answer, admitted the granting of the letters patent, the license to the plaintiffs, and alleged that the cause of action involved his right to manufacture under " and the infringement of said patent, over which the United States courts have exclusive jurisdiction, and that this (the state) court has not jurisdiction over the subject-matter thereof."

The trial court determined that the defendant took by the assignment to him no right to manufacture and sell the patented corset clasp, and that in manufacturing and selling it " he was a wrong-doer and trespasser upon the rights of the plaintiffs under their said contract" with Mrs. Judson, and directed judgment for injunctive relief and for damages, and a reference to ascertain them. An interlocutory judgment was entered accordingly, followed by final judgment on the coming in of the report of the referee, whereby the plaintiffs recovered $7,696.18 damages.

*Reginald Hart* for appellants. In suits where the *gravamen* is a violation of a covenant in a contract or license in relation to or under a patent, the state courts have exclusive jurisdiction, except where the requisite diversity of citizenship exists and is alleged in the bill. (*Middebrook* v. *Broadbent,* 47 N. Y. 446 ; *Beebe* v. *McKenzie,* Id. 662 ; *Rich* v. *Atwater,* 16 Conn. 409 ; *Pulte* v. *Derby,* 5 McL. 328 ; *Meserole* v. *U. P. Co.,* 6 Blatchf. 356 ; *Hapgood* v. *Rosenstock,* 23 Fed. Rep. 86 ; *Goodyear* v. *U. R. Co.,* 4 Blatchf. 63 ; *Blanchard* v. *Sprague,* 1 Cliff. 299 ; *Wilson* v. *Sandford.* 10 How. [U. S.] 101 ; *Hartell* v. *Tilghman,* 99 U. S. 547 ; *Hill* v. *Whitcombs,* 1 Holmes, 317.) The defendant could not raise the question of jurisdiction. (*Middebrook* v. *Broadbent,* 47 N. Y. 445 ; *Sandborn* v. *Leffert,* 58 id. 185 : *Dwight* v. *St. John,* 25 id. 205.) The same contract relation exists between plaintiffs and defendant as existed between plaintiffs and defendant's assignor. (*Day* v. *Carey,* 1 Fish, 421 ; *Kelly* v. *Porter,* 17

Fed. Rep. 522; *Hartel* v. *Tilghman*, 99 U. S. 547; *Kent* v. *Q. M. Co.*, 78 N. Y. 188.) A promise is to be interpreted in that sense in which the promisor knew the promisee understood it. (*Barlow* v. *Scott*, 24 N. Y. 40; *S., etc., Co.* v. *Shortleeves*, 16 Blatchf. 381; *Hamilton* v. *Kingsbury*, 15 id. 67.) Where there is a reservation in a license, everything passes except that which is reserved. (*Hapgood* v. *Rosenstock*, 23 Fed. Rep. 86.) The words of the license to plaintiffs prohibit the defendant from manufacturing and selling. (*Washburn* v. *Gould*, 3 Story, 161; *C., etc., Co.* v. *E., etc., Co.*, 8 Blatchf. 295; *Kent* v. *Q. M. Co.*, 78 N. Y. 188; *Machin* v. *L. Ins. Co.*, 90 id. 689; *Miller* v. *McClosky*, 1 Civ. Pro. Rep. 259; *Callanan* v. *Gellman*, 67 How. Pr. 464; *Clark* v. *Dillon*, 4 Civ. Pro. Rep. 248; *Hammond* v. *Earle*, 5 Abb. [N. C.] 110, 170; *Clark* v. *Dillon*, 97 N. Y. 373; *Peck* v. *Collins*, 70 id. 376.) The dismissal of the complaint by the General Term was error. (*Foot* v. *A. L. Ins. Co.*, 61 N. Y. 578; *Bliss* v. *Greeley*, 45 id. 675; *Murtha* v. *Curley*, 90 id. 377; *Hale* v. *O., etc., Co.*, 49 id. 627.) A finding of fact without evidence to sustain it is error of law, and must be excepted to if sought to be reviewed. (Code Civ. Pro. §§ 992, 993; *Angevine* v. *Jackson*, 103 N. Y. 470; *Mead* v. *Smith*, 28 Hun, 639; *Sickles* v. *Flanagan*, 79 N. Y. 224.) Defendant's motion to dismiss the complaint is of no avail. (*Wellington* v. *Morey*, 90 N. Y. 656; *Hand* v. *Kennedy*, 83 id. 155.) The defendant's exceptions to the referee's findings of fact and conclusions of law are untenable. (*Ashley* v. *Marshall*, 29 N. Y. 501; *Tomlinson* v. *Mayor, etc.*, 44 id. 607; Code Civ. Pro. § 993.) There was no error in the rejection of testimony. (*Swan* v. *Guild*, 1 Gall. 486; *Neil* v. *T. N. Bank*, 46 N. Y. 336; *Blair* v. *Wait*, 69 id. 113; *C. N. Bank* v. *N. Bank*, 50 id. 575; *McMaster* v. *D. & H. C. Co.*, 55 id. 234; *D. Co.* v. *Hachfield*, 73 id. 226; *Rollwagen* v. *Rollwagen*, 3 Hun, 121; *Swift* v. *Ins. Co.*, 3 id. 551; *Allen* v. *Stout*, 51 N. Y. 668.) The rule of damages adopted by the referee was simple, easily ascertained, and not dependent upon any contingency. (*Wakeman* v. *Wheeler*, 101

N. Y. 205; *Schile* v. *Borkhaus*, 80 id. 620; *Milburn* v. *Belloni*, 39 id. 54; *Kidd* v. *McCormick*, 83 id. 397; *Hostetter* v. *Van Winkle*, 1 Dill. 329; *Buck* v. *Hermance*, 1 Blatch. 398; *Faber* v. *Hovey*, 1 Wkly. Dig. 529; *Lord Sondes* v. *Fletcher*, 5 B. & A. 835.) Equity will enforce negative covenants by injunction. (*Hapgood* v. *Rosenstock*, 23 Fed. Rep. 86; *Trenor* v. *Jackson*, 15 Abb. [N. S.] 115; *Phœnix Ins. Co.* v. *Cont. Ins. Co.*, 14 id. 272; *French* v. *McCabe*, 2 D. & W. 269.)

*Jacob S. Van Wyck* for respondent. The state courts have no jurisdiction where an injunction is asked for in any action based upon or growing out of letters patent, since in such case the power of granting an injunction is vested exclusively in the United States courts. (*C. S. S. Co.* v. *Clark*, 100 N. Y. 365; *H. S. M. Co.* v. *Reinoehl*, 102 id. 167.) The plaintiffs have no cause of action on contract since the license to them is not an assignment or grant, but a mere license; and Mrs. Judson, by granting the same, did not divest or deprive herself of the right to manufacture and sell, or of the right to make an assignment of the letters patent to the defendant. (6 Fish. Pat. Cas. 52–54.) Only the actual owner of letters patent can bring an action for infringment, never a licensee. (*Gayler* v. *Wilder*, 10 How. [U. S.] 494.) A theory of the complaint is that Mrs. Judson violated her agreement with the plaintiffs in that she granted a further and a third license to the defendant to manufacture. The assignment to the defendant is in no sense a license, but an assignment. (*Potter* v. *Holland*, 1 Fisher, 333.) Though the plaintiffs are only licensees, yet, as against Mrs. Judson, they could maintain an action in the United States courts for an infringement if she had violated her license with them by manufacturing the patented article. (*Littlefield* v. *Perry*, 21 Wall. 222.) It was right for the defendant to show by parol proof the entire agreement between himself and Mrs. Judson; to show that the written instrument was executed in part performance of an entire oral agreement. (*Julliard* v. *Chaffee*, 92 N. Y. 529.) It cannot

be claimed that the error, in excluding evidence showing that the defendant was only trustee, was immaterial, on the ground that he is a wrong-doer, and, as such, would be personally liable. (*Sheppen* v. *Taukersley*, 14 U. S. C. C. 545 ; 1 Addison on Torts, 64; *Littlefield* v. *Perry*, 21 Wall. 223.) The referee erred in his conclusion as to damages. (*Seymour* v. *McCormick*, 16 How. [U. S.] 490; 3 Suth. on Dam. 603.) The general rule is well established that on a breach of contract the party in default is only liable to the party with whom and for whose benefit he has contracted for such damages as natuarally arise from its breach, but not for accidental, remote or consequential damages. (Sedg. on Dam. [5th ed.] 78; *Griffin* v. *Colver*, 16 N. Y. 491 ; *Hamilton* v. *McPherson*, 28 id. 72 ; 1 Suth. on Dam. 77; *Wallace* v. *Mayor, etc.*, 9 Abb. Pr. 40 ; *Edwards* v. *Beebe*, 48 Barb. 106 ; *Chrysler* v. *Canaday*, 90 N. Y. 273.)

Bradley, J. The rights of the plaintiffs rested wholly in the license granted to them by Mrs. Judson, the patentee. And so far as their remedy was dependent solely upon the enforcement of the contract, it was within the jurisdiction of the state court. (*Hyatt* v. *Ingalls*, 124 N. Y. 93.) The view urged by the plaintiffs, and essentially so to support the action, is that it involved the determination of no question within the patent laws of the United States, but that in its purpose and nature was merely an action to restrain the violation of a covenant and to recover damages resulting from it. If this view is sustained in such sense that the action is founded solely upon contract or breach of covenant, there was no want of jurisdiction in the state court to determine it upon the merits. But, although the defendant must be deemed to have taken the assignment of the interest of the patentee in the invention, subject to the rights of the plaintiffs, taken by the instrument granting the license to them, he was not a party to the covenants contained in it. · Nor is the action to compel the defendant to observe or perform any covenant made by him, but its purpose is the assertion of the alleged claim of the plaintiffs

dependent upon the granting covenants of another, subordinate to which are the rights taken by the defendant. The action is, therefore, founded upon the disregard and violation by the defendant of the alleged claim of the plaintiffs to the use of the patent, and not upon any contract obligation which he has made or by agreement undertaken to observe. This evidently was the view of the trial court, as appears by the conclusion that the defendant, in manufacturing and selling the patented article, " was a wrongdoer and trespasser upon the rights of the plaintiffs."

And while the defendant, by the assignment to him, took such right only as his assignor had, and in practical effect became subject to the responsibilities attending the title, the nature of the remedy against them was or might differ in so far that, as against her, it might rest upon her contract, while against the defendant it was necessarily founded upon a violation or invasion of the alleged rights of the plaintiffs, subject to which the defendant had taken the assignment. Both cases would alike depend upon the interpretation of the contract, and the results would be governed by the same principle of measurement; but while the former might rest upon the contract and its breach, the latter was founded upon the rights of the plaintiffs derived from the contract and the alleged violation of them by the defendant. This distinction is entitled to no consideration except in its bearing upon the question of jurisdiction of the state court. And in that respect it is not free from difficulty. If such violation of the rights and privileges of the plaintiffs derived from their license was an infringement by the defendant within the meaning of that term as applied to patents, the remedy was exclusively within the jurisdiction of the federal courts. And in *Littlefield* v. *Perry* (21 Wall. 205), it was held that a patentee may be an infringer of rights under a patent which he has assigned, and it was there said that his licensee could maintain an action for such cause against him. No reason appears why the rule so applicable to a patentee may not, for like cause, be available against his assignee. The cases cited by the court at General

Term in support of the position that the state court had not jurisdiction, were *Continental Store Service Co.* v. *Clark* (100 N. Y. 365) and *Hat Sweat Mfg. Co.* v. *Reinoehl* (102 id. 167). In the former case, as here, there was no controversy about the validity of the patent; the claims of the parties were founded on alleged assignments, and each party insisted upon the superior right. Theirs were conflicting claims, and he, without the support of title as against the other, was an infringer. In the other case cited, the validity of the patent and the right of the plaintiff to the exclusive use of it were the subject of controversy. And it was held that those cases were within the exclusive jurisdiction of the federal court. The cases generally where it has been held that the state court had jurisdiction upon the subject, have been those founded upon contract to which the defendants were parties. Such were *Hartell* v. *Tilghman* (99 U. S. 547) and *Dale Tile Mfg. Co.* v. *Hyatt* (125 id. 46). But that was not so in *Hill* v. *Whitcomb* (1 Holmes, 317). And inasmuch as the validity of the patent and the license in the present case were admitted, there was practically no conflict of claim other than such as arose upon the construction of the instrument of license to the plaintiffs; and for that reason, we think, it involved the consideration of no question arising under any act of congress in relation to patents. And in that view the case was properly in the state court for determination. The plaintiffs insist that they took by the license, except as against one other licensee, the exclusive right to the use of the patent. Although such may have been the understanding of the plaintiffs, the patentee was not by the terms of the agreement denied the right to manufacture and sell the patented article, nor was she by any express provision of it required to retain the title in herself. Her covenant was that she would grant a license to one other person, firm or corporation only. She held the title to the patent and did not grant the exclusive right to its use to the licensees, but made the covenant before mentioned with a view to the protection, to that extent and in that manner, of the privileges granted to them. The assignment of

the patent apparently carried with it to the assignee all the rights which remained in her in respect to it. It is said that whatever right to its use remained in the patentee after the licenses were granted were personal to her. If that were so and the assignment operated, within the meaning of the contract, as a license to her assignee, it would follow that she committed a breach of the covenant for which she would be liable to the plaintiffs. But it is not seen how that had the effect to charge the defendant, because as against him the rights of the plaintiffs rest upon the grant to them and not upon the covenant made by the patentee for their protection in the use of the rights granted as against other licensees. Upon the construction of the grant of the license to the plaintiffs we fail to see any support for the conclusion of the trial court that the defendant in manufacturing and selling the patented article was a wrong-doer and trespasser against the rights of the plaintiffs taken by the license granted to them.

The judgment entered upon the order of the General Term, so far as it dismissed the complaint, should be reversed, in other respects affirmed and a new trial granted, costs to abide the event.

All concur, except BROWN, J., not sitting.

Judgment accordingly.