JAMES B. WISE, Appellant, *v.* THE TUBE BENDING MACHINE COMPANY et al., Respondents.

Patents — contract obligations arising thereunder — jurisdiction of state courts — pleading — allegation of conclusions instead of facts — multifarious complaint.

The state courts have no jurisdiction of any matter which arises under the Federal patent laws, and the issue of which depends upon the construction or administration of those statutes. But whenever the rights of a plaintiff depend upon contract obligations which courts of general equity jurisdiction may enforce, or for breach of which courts of common-law cognizance may award damages, the fact that a patent is incidentally or collaterally related to the controversy, does not oust the state courts of jurisdiction.

In a complaint against several defendants, allegations of wrongful violations of plaintiff's exclusive rights "by some or all" of the several parties defendant, and that the defendants are charged with "co-operating with each other * * * by said wrongful acts and conduct" to the "irreparable damage and injury to plaintiff's trade and business" are

conclusions rather than averments of fact, and are not admitted by demurrer.

On examination of a complaint, to which demurrers were interposed, *held*, multifarious, both because it joins matters that are apparently distinct and independent as against particular defendants, and because, as against all the defendants, it contains matters which are not shown to be legally connected with each other.

*Wise* v. *Tube Bending Machine Co.*, 119 App. Div. 920, affirmed.

(Argued January 27, 1909; decided February 9, 1909.)

APPEAL from a final judgment, entered September 6, 1907, upon orders of the Appellate Division of the Supreme Court in the fourth judicial department, which affirmed interlocutory judgments of Special Term sustaining demurrers to the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edwin H. Risley* for appellant. The Supreme Court of this state has jurisdiction of the subject-matter of the action as set out in the complaint. The action is wholly founded on contract and the wrongful violation of the same. (*Hodge* v. *Sloan*, 107 N. Y. 244; *Lewis* v. *Gollner*, 129 N. Y. 227; *N. Y. B. N. Co.* v. *H. B. N. Co.*, 83 Hun, 593; 28 App. Div. 411; Drone on Copyrights, 374; *Murphy* v. *C. P. A. Pub. Co.*, 38 App. Div. 426; *Littlefield* v. *Perry*, 88 U. S. 205.) The findings of the trial court that the several demurring defendants are differently interested in the subject of the action and have different and distinct interests, were not properly joined as co-defendants is untenable. (Code Civ. Pro. § 484, subd. 9; Pomeroy's Code Rem. [3d ed.] § 775; *N. Y. & N. H. R. Co.* v. *Schuyler*, 17 N. Y. 593; *Board of Supervisors* v. *Degal*, 77 N. Y. 219; *Whiting* v. *Elmira I. Assn.*, 45 App. Div. 349; *Gray* v. *Fuller*, 17 App. Div. 29; *Mahler* v. *Schmidt*, 43 Hun, 514; *Baily* v. *Hornthal*, 154 N. Y. 648.)

*Morris W. Seymour* and *Louis C. Raegener* for Bridgeport Brass Company, respondent. The Supreme Court has no

18

jurisdiction over the subject of the action. (*Waterman* v. *Shipman*, 130 N. Y. 301; *Hyatt* v. *Ingalls*, 124 N. Y. 93; *S. P. P. Works* v. *Starling*, 127 U. S. 376; *Smith* v. *S. L. M. Co.*, 19 Fed. Rep. 825; *Mayer* v. *Hardy*, 127 N. Y. 125; *Denise* v. *Swett*, 142 N. Y. 602; *Littlefield* v. *Perry*, 21 Wall. 205; *De Witt* v. *E. N. Mfg. Co.*, 66 N. Y. 459; *C. S. Co.* v. *Clark*, 100 N. Y. 365; *H. S. Mfg. Co.* v. *Reinoehl*, 102 N. Y. 167; *Hovey* v̇. *R. T. P. Co.*, 57 N. Y. 119.) The complaint is defective because the owners of the patents referred to are not made parties plaintiff. (Robinson on Patents, § 1098; Walker on Patents [4th ed.], § 400.) The complaint is multifarious in that various causes of action have been joined therein which do not affect all the parties and which do not affect the Bridgeport Brass Company together with the other defendants. (Robinson on Patents, § 1108; Walker on Patents [4th ed.], § 417.) There is a misjoinder of causes of action. (*Gardner* v. *Ogden*, 22 N. Y. 326; *Hunt* v. *Am. R. Co.*, 2 App. Div. 34; *Strauss* v. *Hoadley*, 23 App. Div. 360; *Adams* v. *Stevens*, 27 N. Y. Supp. 992; *Nichols* v. *Drew*, 94 N. Y. 22; *Tew* v. *Wolfson*, 76 N. Y. Supp. 919; *Hess* v. *R. R. Co.*, 29 Barb. 290; *Goldberg* v. *Utley*, 60 N. Y. 427; *Wilds* v. *Schuyler*, 64 N. Y. 173.)

*George W. Schurman* for Whitlock Coil Pipe Company, respondent. The Supreme Court of New York has no jurisdiction of the subject-matter of this action. The plaintiff has mistaken his forum. (*Dudley* v. *Mayhew*, 3 N. Y. 9 ; *De Witt* v. *E. N. M. Co.*, 66 N. Y. 459; *Hyatt* v. *Ingalls*, 124 N. Y. 93; *Mayer* v. *Hardy*, 127 N. Y. 125; *Middlebrook* v. *Broadbent*, 47 N. Y. 443; *C. S. Co.* v. *Clark*, 100 N. Y. 365; *H. S. Mfg. Co.* v. *Reinoehl*, 102 N. Y. 167; *Denise* v. *Swett*, 142 N. Y. 602; *Hovey* v. *R. T. P. Co.*, 57 N. Y. 119; *E. W. P. Co.* v. *P. B. Co.*, 185 U. S. 282.) There is a defect of parties plaintiff. (*Waterman* v. *McKenzie*, 138 U. S. 252; *Birdsell* v. *Shaliol*, 112 U. S. 486; *Gayler* v. *Wilder*, 10 How. [U. S.] 477; *Littlefield* v. *Perry*, 21 Wall. 205; *Paper Bag Cases*, 105 U. S. 766.) Causes of action have

been improperly united in the complaint. (*Hovey* v. *R. T. P. Co.*, 57 N. Y. 119; *Keep* v. *Kaufman*, 56 N. Y. 332; *Nichols* v. *Drew*, 94 N. Y. 22; *Compton* v. *Hughes*, 38 Hun, 377; *Raynor* v. *Brennan*, 40 Hun, 60; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 17 N. Y. 592; *Mahler* v. *Schmidt*, 43 Hun, 512; *Wiles* v. *Suydam*, 64 N. Y. 173; *Barney* v. *Peck*, 16 Fed. Rep. 413; *U. S. & S. Co.* v. *Phila. Co.*, 68 Fed. Rep. 913; *C. E. L. Co.* v. *B. S. E. L. Co.*, 20 Fed. Rep. 502.) The complaint does not state facts sufficient to constitute a cause of action against the defendant Whitlock Coil Pipe Company. (Abbott's Trial Brief [2d ed.], 628; *Porter* v. *Kingsbury*, 5 Hun, 597; 71 N. Y. 588; *Foley* v. *New York*, 1 App. Div. 586; *Benoit* v. *T. & L. R. R. Co.*, 154 N. Y. 223; *Moynahan* v. *Wheeler*, 117 N. Y. 285; *Van Leuven* v. *Lyke*, 1 N. Y. 515; *Fairchild* v. *Bentley*, 30 Barb. 147; *Park & Sons Co.* v. *Nat. D. Assn.*, 175 N. Y. 1; *Greeff* v. *E. L. A. Society*, 160 N. Y. 19; *Meyers* v. *City of New York*, 58 App. Div. 534; *Newton* v. *Jay*, 107 App. Div. 457; *Talcott* v. *Buffalo*, 125 N. Y. 280; *Masterson* v. *Townshend*, 123 N. Y. 458.)

*Richard R. Martin* for Milton E. Blasier et al., respondents. The cause of action, if any, pleaded in the complaint arises under the patent laws of the United States and is without the jurisdiction of this court. (*C. S. S. Co.* v. *Clark*, 100 N. Y. 365; *H. S. M. Co.* v. *Reinoehl*, 102 N. Y. 167; *Denise* v. *Swett*, 142 N. Y. 602; *Henderson* v. *Dougherty*, 95 App. Div. 346; *Smith* v. *S., etc., Co.*, 19 Fed. Rep. 825; *S. C. Co.* v. *Manning*, 32 Fed. Rep. 625; *S. P. P. Works* v. *Starling*, 127 U. S. 376; *White* v. *Rankin*, 144 U. S. 628; *Pratt* v. *P. G. L., etc., Co.*, 168 U. S. 255, 259; *E. W. P. Co.* v. *P. B. Co.*, 185 U. S. 282.) There is a defect of parties plaintiff, in that the persons possessed of all the letters patent described in the complaint as the foundation of plaintiff's rights are not made parties plaintiff. (*N. Y. B. N. Co.* v. *H. B. N. Co.*, 83 Hun, 593.) The complaint does not state facts sufficient to constitute a cause of action against the defendant Blasier

or the defendant Blasier Manufacturing Company. (*N. Y. B. N. Co.* v. *H. B. N. Co.*, 180 N. Y. 280.)

*A. A. Mitchell* for Tube Bending Machine Company, respondent.

Werner, J. The complaint herein, which has thus far been successfully challenged by the demurrers of four separate defendants, is obviously not the work of a novice, for it requires experience and skill of a very high order to frame a pleading which so ingeniously interweaves a variety of disconnected and inconsistent causes of action that it is exceedingly difficult to subject either of them to the test of separate analysis. In view of the length and complexity of the complaint we shall not attempt a chronological or detailed statement of its contents, and we shall but briefly refer to such of its allegations and conclusions as will enable us to dispose of the questions presented by the demurrers.

The subject-matter of the action is the plaintiff's alleged exclusive right to use certain patented inventions in the manufacture of plumbers' specialties. This right is predicated upon two contracts which are annexed to the complaint. By the first of these contracts the plaintiff claims to have acquired from the defendant Brinkman "the exclusive right to use" the patented inventions described in five separate letters patent to the end of the respective terms thereof. The plaintiff's use of these inventions, which relate to improved methods of manufacturing bent metal pipes for a large variety of purposes, was restricted to "the manufacture of flush and supply pipes, basin and bath supplies, quarter bend slip joints, and traps and other bends for siphon valves, and other goods known to the trade as plumbers' specialties." The second of these contracts purports to convey from the defendant, The New York Pipe Bending and Machine Company, to the plaintiff the same right to use the inventions in three other letters patent and for the same purpose. Both of these contracts contain precisely identical covenants to the effect that there are no prior grants or licenses of the same right, and

that the respective grantors will neither use the patented inventions in the manufacture of plumbers' supplies nor grant to any other person any right or license to use them for that purpose.

The defendants are thirteen in number. None of them, except Brinkman, have any direct contractual relation with the plaintiff. For some reason, which is not apparent, the New York Pipe Bending and Machine Company, the other assignor of the plaintiff, is not made a party to the action. None of the defendants, except Brinkman, appear to have any legal interest in the subject-matter of the action, unless they have incurred some liability under the patent laws of the United States, or can be charged with notice or knowledge of the plaintiff's contractual rights with his assignors, Brinkman and the New York Pipe Bending and Machine Company. The most striking feature of the complaint is that it discloses nothing in which the defendants appear to have a common interest, except the common defense against the direct or inferential charge of infringing plaintiff's alleged exclusive right under the patents referred to. The four demurring defendants insist that the only cause of action which can possibly be spelled out of the complaint as against all of the defendants is their invasion or infringement of the plaintiff's right under the patents set forth. If this contention is well founded, it follows that the Supreme Court had not jurisdiction of the subject-matter of the action, and that the demurrers were properly sustained upon that ground. It is elementary that the state courts have no jurisdiction of any matter which arises under the Federal Patent Laws, and the issue of which depends upon the construction or administration of those statutes. (U. S. Rev. Stat. sec. 692, subd. 9 ; sec. 711, subd. 5 ; *White* v. *Rankin,* 144 U. S. 628 ; *Birdsell* v. *Shaliol,* 112 U. S. 485 ; *Dudley* v. *Mayhew,* 3 N. Y. 9 ; *Hovey* v. *Rubber Tip Pencil Co.,* 57 N. Y. 119 ; *De Witt* v. *Elmira Nobles Mfg. Co.,* 66 N. Y. 459 ; *Continental Store Service Co.* v. *Clark,* 100 N. Y. 365 ; *Hat Sweat Mfg. Co.* v. *Reinoehl,* 102 N. Y. 167, and *Denise* v. *Swett,* 142 N. Y. 602.)

The converse of the proposition just stated is equally well settled. Whenever the rights of a plaintiff depend upon contract obligations which courts of general equity jurisdiction may enforce, or for breach of which courts of common law cognizance may award damages, the mere fact that a patent is incidentally or collaterally related tc the controversy, does not oust the state courts of jurisdiction. (*Middlebrook* v. *Broadbent*, 47 N. Y. 443 ; *Waterman* v. *Shipman*, 130 N. Y. 301 ; *Hyatt* v. *Ingalls*, 124 N. Y. 93 ; *Mayer* v. *Hardy*, 127 N. Y. 125 ; *Continental Store Service Co.* v. *Clark*, 100 N. Y. 365.)

Counsel for the appellant invokes in aid of his pleading the rule of liberal construction established by the Code of Civil procedure (section 519), and he disavows any intention to present any issue which involves the validity of patents or the application of patent laws. He asserts that his client's claim depends wholly upon the contracts annexed to the complaint, and that the allegations of his pleading are all directed to the issue whether, under these contracts, the plaintiff is entitled to the relief demanded. If it was the pleader's real purpose to allege only that which he now asserts to be the gist of his cause of action he has been peculiarly unfortunate and extremely redundant. The extended historical chronology of the patents; the literal accuracy with which the devolution of the titles thereof seem to be traced ; the iteration and reiteration of the plaintiff's " exclusive rights " in the use of the various " patented machines" described ; the allegations of wrongful co-operation among the defendants to injure the plaintiff's trade ; the failure to include as a party defendant the New York Pipe Bending and Machine Company, one of the plaintiff's assignors ; and the prayer for an injunction based upon the wrongful use by the defendants of the machines " covered by said patents," are all calculated to confuse rather than clarify the issues, if the action is not one for an infringement of rights protected by patents. Despite all these considerations the fact remains that it cannot be asserted with dogmatic certainty that the complaint was

framed solely upon the theory of an infringement of patent rights, and upon that issue we are disposed to give the pleader the benefit of the doubt.   But when we have done this we have escaped Scylla on the one hand only to encounter Charybdis on the other.

After dismissing from consideration the idea that this is an action based upon the infringement of patent rights, it seems impossible to formulate any theory upon which the complaint can be said to state a joint cause of action against the defendants.   When we scrutinize the pleading as one based wholly upon contractual demands, we observe that one of the plaintiff's licensors is made a party defendant and the other is not.   The reason is not disclosed.   It does not appear through which of these assignors any of the defendants are exercising rights which are claimed by the plaintiff as his exclusive property, except as we are informed that the Tube Bending Machine Company, the assignee of four of these patents, aided by Brinkman and the Rhinehardts, has sold to certain other defendants certain of the machines covered by patents under which the plaintiff claims his right of exclusive use.   The times when such sales were made, and the circumstances under which the various defendants assumed to use the machines sold to them, are not set forth.   The only allegation which even hints that the defendants had such knowledge or notice of the plaintiff's rights as would bind them in a court of equity is contained in the single phrase, " all of which rights in the plaintiff were known to the several defendants herein."   For aught that appears, none of the defendants, except Brinkman, The Tube Bending Machine Company and the Rhinehardts, ever had any notice of plaintiff's alleged right until after their own had been acquired ; and it is by no means certain that this solitary allegation can be said to impute such knowledge to any defendant except Brinkman, who is one of the plaintiff's assignors. The complaint, it is true, abounds in allegations of wrongful violations of plaintiff's exclusive rights " by some or all " of the several parties defendants, and that the defendants are

charged with "co-operating with each other * * * by said wrongful acts and conduct" to the "irreparable damage and injury to plaintiff's trade and business," but these are conclusions rather than averments of fact, and are not admitted by the demurrers. (*Park & Sons Co.* v. *National W. Druggists' Assn.*, 175 N. Y. 1.)

If the plaintiff proposes to stand solely upon his contracts with Brinkman and the New York Pipe Bending and Machine Company, it is clear to a demonstration that the other defendants are affected only by such knowledge or notice of the plaintiff's right as they possessed when they contracted with their immediate assignors. (*New York Bank Note Co.* v. *Hamilton Bank Note E. & P. Co.*, 180 N. Y. 280.) There are no averments in the complaint that any of the defendants, except Brinkman, contracted for the use of the inventions referred to, with knowledge of the plaintiff's right. Neither is there in the complaint a single allegation of fact from which the legal inference can be drawn that any of the defendants assumed or incurred any joint contractual obligation; on the contrary, the only theory upon which it appears that a joint judgment against all the defendants would be permissible is that they were joint wrongdoers. Nor is this shown to be a case in which the defendants are brought into privity with the plaintiff by a community of interest based upon identical facts, or that the defendants are all so connected with the same subject-matter, although in different degrees, that a court of equity may assume jurisdiction to prevent multiplicity of litigation. Every proper inference deducible from the complaint is against either of these views of the case. And finally, the complaint is clearly subject to the criticism that it is multifarious, both because it joins matters that are apparently distinct and independent as against particular defendants, and because, as against all the defendants, it contains matters which are not shown to be legally connected with each other.

There are other defects in this complaint when we consider it purely as an exposition of the plaintiff's claims under his

contracts. It would serve no useful purpose to dwell upon them. The rather summary manner in which we have disposed of the questions raised may not be altogether satisfactory to counsel, who have favored us with a wealth of learning upon the rules of pleading, but we are convinced that a minute dissection of the complaint would unduly lengthen our discussion without contributing to a clearer understanding of the questions involved.

We, therefore, summarize our conclusions by stating that we do not sustain the plea common to all the demurrers "That the court has not jurisdiction of the subject of the action." We do not consider the second ground that there is a "defect of parties plaintiff." We sustain the demurrers upon the other grounds, to wit: 1. "That the complaint does not state facts sufficient to constitute a cause of action," as against any of the defendants except Brinkman. 2. "That causes of action have been improperly united" as against all of the defendants. These conclusions lead to the affirmance of the judgment appealed from, with costs to each of the respondents appearing by counsel in this court.

CULLEN, Ch. J., GRAY, HAIGHT, WILLARD BARTLETT and CHASE, JJ., concur; HISCOCK, J., concurs in result.

Judgment affirmed, etc.