## COUCH PATENTS CO. v. BARMAN.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

1. COURTS (§ 489*)—CONCURRENT AND CONFLICTING JURISDICTION OF STATE AND FEDERAL COURTS—CASE INVOLVING CONTRACT RIGHTS GROWING OUT OF PATENT.

A complaint averred that plaintiff owned certain letters patent covering sliding couches, and granted defendant a nonexclusive license to manufacture and sell the same, and that he agreed not to sell or deal in any couches of that kind without attaching a license tag furnished by plaintiff at a certain price, and that he would not contest the patent, but account monthly for the couches sold and the number of tags on hand. It then charged a violation of the agreement, and prayed that defendant be required to perform the contract, that he be restrained from selling couches without attaching the tag, and that he be required to account. *Held*, that the case involved contract rights only, and that it was error to sustain a demurrer to the complaint on the ground that the suit was to restrain violation of patent rights, within the jurisdiction of the federal courts, as in such a case it does not matter that the construction or the validity of a patent may be collaterally involved.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1327, 1328; Dec. Dig. § 489.*]

2. COURTS (§ 489*)—CONCURRENT AND CONFLICTING JURISDICTION OF STATE AND FEDERAL COURTS—SUIT INVOLVING PATENT RIGHTS.

The rule is that, if suit is brought to enforce contract rights, it carries with it the whole case, and the state courts have jurisdiction; and, vice versa, if the suit is brought to enforce patent rights, though a contract may be involved, the federal courts have jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1327, 1328; Dec. Dig. § 489.*]

Appeal from Special Term, New York County.

Action by the Couch Patents Company against Barnett Barman. A demurrer to the complaint was sustained, and plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, and MILLER, JJ.

Phillips & Samuels, for appellant.

Charles Dushkind, for respondent.

MILLER, J. The plaintiff avers that it is the owner of certain letters patent of the United States, covering sliding couches; that, on the 28th day of September, 1907, it entered into a contract with the defendant, a copy of which is annexed to the complaint, whereby it granted the defendant a nonexclusive license to manufacture and sell in the United States specifically described sliding couches, embodying the invention covered by said patent, in consideration whereof the defendant agreed not to sell or deal in any sliding couches of the kind described without attaching a license tag, furnished by the plaintiff, which the defendant agreed to purchase in lots of 1,000 for 30 cents each; that the defendant further agreed, among other things, that he would not at any time contest or question the validity of the letters patent, that he would keep correct and detailed books of account, and

would render the plaintiff on the 10th of each month a sworn statement, setting forth the number of couches sold by him during the preceding month, and the number of license tags on hand. The complaint charges a violation of that agreement, and prays that the defendant be required to perform the contract, that he be restrained from selling couches without attaching the license tag, and that he be required to account.

The demurrer was sustained on the authority of Continental Store Service Company v. Clark, 100 N. Y. 365, 3 N. E. 335, on the ground that the suit was brought to restrain the violation of patent rights. That suit was brought by an alleged assignee of the patentee against the latter and a third party, claiming also as assignee of the patentee; and it was held that an injunction should not issue pendente lite restraining such third party from using the patented article. It will be observed that there was no privity of contract between the plaintiff and the party sought to be enjoined. As assignee of the patent, the plaintiff sought to restrain the said defendant from infringing upon its rights. So far as that branch of the case was concerned, therefore, it was a patent, not a contract, suit. This case involves contract rights only. The defendant is sued, not as assignee, but as licensee, and the suit is strictly one to enforce contract rights. In such a case, it does not matter that the construction or validity of a patent may be collaterally involved, though it is not easy to see how the defendant can raise any question on that head. He has agreed to pay a stipulated sum for the privilege of manufacturing and selling a definitely described article, which he concedes is covered by a patent owned by the plaintiff. The rule is that, if the suit is brought to enforce contract rights, it carries with it the whole case, and the state courts have jurisdiction; and, vice versa, if the suit is brought to enforce patent rights, though a contract may be involved, the federal courts have jurisdiction. Wise v. Tube Bending Machine Co., 194 N. Y. 272, 87 N. E. 430; Excelsior W. P. Co. v. Pacific Bridge Co., 185 U. S. 282, 22 Sup. Ct. 681, 46 L. Ed. 910; Littlefield v. Perry, 88 U. S. 205, 22 L. Ed. 577.

The interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs, with leave to withdraw demurrer and answer, upon payment of costs in this court and in the court below. All concur.

Croner v. Parks—Motion granted, ithout prejudice to reopen upon showing "facts sufficient to excuse prosecution" (Kachel v. Stutz, 137 App. Div., 99; Rule 156, Rules of Civil Practice).