THE COMERMA COMPANY, Respondent, *v.* JOHN COMERMA and THE TILE ARCH CONSTRUCTION COMPANY, Appellants.

First Department, April 5, 1918.

**Injunction — enjoining violation of contract in restraint of trade — patents — jurisdiction of question of infringement.**

The owners of all the stock of a domestic corporation sold the same and agreed not to bid on either directly or indirectly or contract for structures of flat tile of certain classes or to conduct any business under the name of the corporation or to be directly or indirectly connected with or interested in any business conducted under said name so as to mislead or deceive. Evidence *held* to establish repeated violations of the agreement by the defendants so as to warrant the court in enjoining them from continuing said violations.

The Federal courts have exclusive jurisdiction of the question of the infringement of letters patent.

APPEAL by the defendants, John Comerma and another, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 18th day of June, 1917, enjoining the defendants from violating the terms of a certain contract and granting other relief, including damages, upon the decision of the court after a trial at the New York Special Term.

An appeal is also taken from the final judgment entered in said clerk's office on the 10th day of July, 1917, pursuant to the interlocutory judgment appealed from.

*Frederick R. Ryan* [*Roderic Wellman* with him on the brief], for the appellant Comerma.

*Edward H. Wilson* [*Henry M. Brigham* with him on the brief], for the respondent.

DOWLING, J.:

Plaintiff is a domestic corporation, having a capital stock of $5,000, divided into fifty shares of $100 each. On February 23, 1915, Harold J. Kennedy, Harry B. Nassoit and John Comerma, owning all of said stock, entered into an agreement in writing, wherein they were described as vendors, with William E. Blodgett, called the purchaser, and the Comerma Company, whereby the vendors sold to the purchaser the said fifty shares of stock for the consideration of $13,500 then paid, together with all outstanding accounts, the vendors agreeing to discharge all existing debts of the company and to complete all unfinished contracts. The agreement also contained the following clauses:

" VI. The said Vendors agree each for himself, that they will not, either collectively, individually, for his own account, or for the account of others, or as the employee, agent or servant of others, either directly or indirectly, bid on, engage in, give assistance in bidding on, contracting for, or building walls, ceilings, arches, domes or other structures of flat tile, and particularly the class of tile work known as '.Guastavino Arches,' ' Spanish Tile Arches,' ' Cohesive Tile Arches,' ' Timbrel Vaults,' ' Timbrel Tile Construction,' or ' Comerma

Tile Arches,' for a period of thirty (30) years from the day of the date hereof, in the United States of America, the Dominion of Canada, Mexico or Cuba, excepting only in the States of Idaho, New Mexico, Arizona, Nevada, Wyoming and North Dakota, provided, however, that nothing herein contained shall be construed to limit the Vendors' right to use in building construction ordinary rough terra cotta or hollow tile blocks, provided same are not used to form or imitate the type or types of tile construction above mentioned; nor shall the Vendors, or either or any of them, hereafter conduct any business under the name of The Comerma Company, or be directly or indirectly connected or associated with or interested in any business conducted under said name, or any such near resemblance thereto as might be calculated to mislead or deceive."

" VIII. The Vendors and each of them hereby acknowledge the validity of the following United States Letters Patent, No. 947,177, issued January 18th, 1910, to R. Guastavino, for Improvements in Masonry Structures; 1,105,727, issued April 1, 1913, to R. Guastavino for Improvement in Masonry Structure; 1,119,543, issued December 1, 1914, to W. C. Sabine and R. Guastavino, for Improvement in Walls and Ceilings of Auditoriums and the like, and agree not to infringe or contest the validity of said Letters Patent, or any of them."

The amended complaint herein set forth that the agreement in question had been breached by the defendant John Comerma in that, with intent to violate the contract, he had caused the defendant corporation to be organized and operated by his cousin, John Comerma, who became president thereof, so as to make it appear that the individual defendant was such president, the cousin being inexperienced in tile construction; and that the individual defendant, acting through the defendant corporation, then proceeded to solicit contracts for the building of " Guastavino Arches," " Spanish Tile Arches," " Cohesive Tile Arches," " Timbrel Vaults," " Timbrel Tile Construction " and " Comerma Tile Arches," and to build the same, in so doing infringing United States letters patent Nos. 947,177 and 1,119,543. The relief demanded is that defendants be enjoined from violating the agreement in question;

from bidding on, engaging in, contracting for, or building the classes of construction hereinbefore specified; and from infringing the two letters patent last enumerated. It is unnecessary to set forth in detail the various acts of both defendants which were proven, violative of the agreement in question. Suffice it to say, that the evidence amply supports the findings of the trial court as to the repeated violations by defendants of the provisions of article VI of the agreement in question. So far as the judgment appealed from enjoins defendants from continuing their violation of that article of the contract, it is proper and should be affirmed. But the learned trial court has gone further and has determined that defendants have violated the provisions of article VIII of the agreement as well. In order so to hold it was necessary for the court to construe and interpret the terms and claims of the letters patent themselves; to pass upon the nature of a certain material used by the individual defendant and called " Amremoc;" to conclude that its use infringed said letters patent; and in general to adjudge whether or not the defendants' materials and methods of construction infringed the letters patent. The decision and judgment alike undertake to settle all these questions of infringement and to prohibit defendants from continuing any operations or construction that would interfere with the plaintiff's rights under the letters patent. To state the proposition is to make it clear that these subjects are not cognizable by a State court, but that the question of whether or not defendants have infringed the letters patent in question must be left for decision to the Federal courts, which alone have jurisdiction thereof.

The interlocutory judgment appealed from is, therefore, modified by striking therefrom, in the 1st paragraph beginning with the word " Adjudged," all after the words " from directly or indirectly making, using or vending any construction described in United States Letters Patent No. 947,177," down to and including the words " ten percentum of sounds lying in pitch between middle C and the third octave above middle C;" also in the 3d paragraph beginning with the word " Adjudged," all that part commencing with the words " of structures described in said Letters Patent No. 947,177 " and ending with the words " Manhattan, New York City;"

also, in the 2d paragraph beginning with the word "Adjudged," the amount of damages is reduced from $600 to $290, being the profits made on the Binghamton and Hampton shop jobs, the only ones where it is clearly established that article VI of the agreement is violated. The final judgment of July 10, 1917, is also modified by reducing the plaintiff's recovery from the sum of $600 to $290, with a corresponding reduction in the interest. As thus modified, the judgments will be affirmed, without costs. The findings will be modified or reversed, as the case may be, to conform to the result indicated.

CLARKE, P. J., LAUGHLIN, SMITH and SHEARN, JJ., concurred.

Judgments modified as stated in opinion and as modified affirmed, without costs. Order to be settled on notice.