CLARENCE P. ODELL, Respondent, v. FRANK A. BARNABY, Appellant, and Others, Defendants.— The complaint for fraudulent representations inducing a contract to buy land specifies that defendants misrepresented: (a) as to ownership of the adjoining lot, and (b) that the mortgage incumbrance on the lot to be sold was only $9,000. Alleging reliance thereon, and the falsity thereof, plaintiff now sues to get back his deposit and expenses of searching the title. But plaintiff does not aver that the contract has been rescinded, or set forth what action was taken on the closing day. Plaintiff would sustain no damage unless the vendor failed to convey the property in accordance with the contract. To recover here the plaintiff must show the materiality of these representations, and further that on discovering the falsity thereof he refused to go on. With the present omissions, there is no complete cause of action. Therefore, the order is reversed, with ten dollars costs and disbursements, and appellant's motion for judgment upon the pleadings granted, with ten dollars costs, with leave to amend the complaint within twenty days on payment of ten dollars motion costs and the costs of this appeal. Blackmar, P. J., Mills, Rich, Putnam and Jaycox, JJ., concur.

THE PEELLE COMPANY, Appellant, v. JOSEPH RASKIN and Another, Respondents.— Judgment and order reversed and new trial granted, with costs to appellant to abide the event. On the face of the complaint this action in the last analysis is an action based upon a contract, and is not an action to enjoin infringement of the patent. If the plaintiff succeeds, the relief granted should be such as is proper in an action based upon a breach of contract. (*Wise* v. *Tube Bending Machine Co.*, 194 N. Y. 272; *Hyatt* v. *Ingalls*, 124 id. 93; *Herzog* v. *Heyman*, 151 id. 587; *Comerma Co.* v. *Comerma*, 182 App. Div. 576.) Blackmar, P. J., Mills, Putnam, Kelly and Manning, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM GOMBERT, Appellant.— Judgment of conviction by the County Court of Nassau county affirmed. No opinion. Blackmar, P. J., Mills, Rich, Jaycox and Manning, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL HORDSCHKI, Appellant.— Judgment of conviction by the Court of Special Sessions reversed, and a new trial ordered, upon the ground that the doctor who, as the mother testified, examined the child the next morning, should have been called as a witness by the People or his absence accounted for; so that we conclude there should be a new trial in the interests of justice. Blackmar, P. J., Mills, Rich, Putnam and Jaycox, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS LAHEY, Appellant.— Order reversed and motion granted, on authority of *People*