MODEL BRASSIERE Co., INC., Plaintiff, *v.* MAIDEN FORM BRASSIERE Co., INC., Defendant.

Supreme Court, New York County, February 2, 1931.

*Briesen & Schrenk* [*Thomas McErlean* of counsel], for the plaintiff.

*Darby & Darby* [*Sidney E. Gottshall* of counsel], for the defendant.

INGRAHAM, J.   Plaintiff's complaint, after disregarding the many legal conclusions based upon facts not specifically pleaded, states in substance that plaintiff, prior to June 26, 1930, owned certain letters patent of the United States of America upon an article of women's apparel which it manufactured; " that defendant commenced the manufacturing of a garment which plaintiff regarded as falling within the scope of the claims of said Letters Patent; " that on or about June 26, 1930, plaintiff's attorneys wrote a letter calling defendant's attention to the letters patent, claiming that defendant was infringing upon such letters and threatening to sue for such infringement, unless notified that its manufacture and sale of the " infringing garment " ceased; that defendant in reply wrote to plaintiff's attorneys that it had " stopped the manufacture of the infringing numbers," and that it would not " in the future knowingly make any garment that would infringe the patent rights   *   *   * granted under the above mentioned patent; " that defendant's attorneys replied that it was their understanding that defendant would not thereafter resume the manufacture of the garment in question, and advised defendant " that with this understanding *   *   *   our client will not file suit for any past infringement; " that no reply was made by the defendant to the last letter; that no suit was commenced by the plaintiff; that subsequently the defendant through its attorneys wrote to plaintiff's attorneys that, when it discontinued manufacturing the garment in question, it had been under a misapprehension as to the validity of plaintiff's patent and the infringement thereof, and consequently that it was about to resume manufacturing; and that plaintiff is, and will be, damaged.   The present action has been brought for specific performance of the alleged agreement, as well as for damages and injunctive relief.   Defendant by the present motion admits every material fact which has been properly pleaded in the complaint. Concisely stated, such facts are that defendant agreed to cease manufacturing any and all garments which infringed upon the patent rights issued to the plaintiff.

The correspondence comprising the agreement is attached to, and

made a part of, the complaint. The letters are definite, clear and unambiguous. The plaintiff claims that these letters contain the complete terms of the alleged agreement. The plaintiff further alleges, on information and belief, that the defendant is manufacturing garments which infringe upon the letters patent owned by the plaintiff, and is thus breaching the agreement to the damage of the plaintiff. ·Defendant contends that the complaint fails to state a valid cause of action, and, furthermore, that this court has no jurisdiction of the subject-matter of the action. Inasmuch as the language of defendant's obligation admits of no other reasonable construction than a promise that defendant would not knowingly infringe upon the article manufactured by the plaintiff, the main point of issue in this controversy affects the validity of the plaintiff's patent and the infringement of the patent by the garment manufactured by the defendant. In the present action the plaintiff seeks protection in the enjoyment of the rights which it claims under its patent, and is attempting to obtain relief from an alleged infringement. Of such an action this court has no jurisdiction. (*Wise* v. *Tube Bending Machine Co.*, 194 N. Y. 272; *White* v. *Rankin,* 144 U. S. 628; *Hovey* v. *Rubber Tip Pencil Co.*, 57 N. Y. 119; *Denise* v. *Swett*, 142 id. 602.) The following language in the opinion in the case of *Hovey* v. *Rubber Tip Pencil Co.* (*supra*) is especially applicable here: " The case before us is founded upon the right of the plaintiffs under the patent law. To that right they allege an injury by the act of the defendant. The defendant admitting the fact attributed to it, justify it under rights which it claims under the same laws. To dispose of the question requires the direct decision of the court upon these rights, with a view to ascertain, in the language of the statute, whether there has occurred a violation of the right of an inventor as secured to him by the laws of the United States. If the plaintiffs' patent is invalid, they have no standing in court founded upon it."

And the conclusion reached there is inescapable here. Of such a suit the State courts have no jurisdiction. From the foregoing it will appear unnecessary to pass upon the sufficiency of the complaint.

Complaint dismissed for lack of jurisdiction.