■   AMERICAN HARLEY CORP., Respondent, et al., Plaintiff, v. IRVIN INDUSTRIES, INC., Appellant, et al., Defendant.— Judgment entered on March 27, 1969, affirmed, with $50 costs and disbursements to plaintiff-respondent. The jury verdict in favor of plaintiff is supported by the evidence and we find no merit in the defendant's several claims of error. Furthermore, we reject the contention of the defendant and the reasoning of the dissent that the plaintiff's right of recovery is so dependent upon the Federal patent covering the Harley seat belt buckle as to deprive the state courts of jurisdiction of plaintiff's cause of action. *Sears, Roebuck & Co.* v. *Stiffel Co.* (376 U. S. 225), *Compco Corp.* v. *Day-Brite Lighting* (376 U. S. 234), and *Merchant Suppliers Paper Co.* v. *Photo-Marker Corp.* (29 A D 2d 94) cited in the dissenting memorandum, are factually distinguishable. In the *Sears* and *Compco* cases, the United States Supreme Court was concerned with the copying and marketing of unpatented articles. The court in *Sears* held that: " An unpatented article, being in the public domain, may be freely copied, though labeling or other precautions may be required by state law where appropriate to prevent deception as to source" (see official headnote). In *Compco*, the same court, following *Sears*, concluded that insofar as a judgment of a State court forbid the sale of a copy of an unpatented article and ordered an accounting for damages for such copying, the judgment could not stand. We do not read the opinions in the *Sears* and *Compco* cases as having the effect of completely striking down well-established legal precedents of allowing recovery in State courts for tortious interference or unfair competition where neither the validity of plaintiff's cause of action nor a defense thereto rests upon a right created or impliedly protected by the patent laws. (See 2 Nims, Unfair Competition and Trade-Marks, § 363 [4th ed.]; 167 A. L. R. 1114, Jurisdiction of State Court Over Actions Involving Patents; *New Era Elec. Range Co.* v. *Serrell*, 252 N. Y. 107; *Waterman* v. *Shipman*, 130 N. Y. 301; *Mayer* v. *Hardy*, 127 N. Y. 125; *Zenie* v. *Miskend*, 245 App. Div. 634, affd. 270 N. Y. 636; *Vidal Corp.* v. *Langley Aviation Corp.*, 48 N. Y. S. 2d 824.) Here, the plaintiff bases its suit upon rights recognized at common law and in

general equity jurisprudence without regard to whether or not the seat buckle is the subject of a valid patent. The plaintiff's right of recovery is not dependent upon whether the Harley seat buckle was patented or unpatented. Thus, there is no merit in defendant's contention that the only redress of the plaintiff is a patent infringement suit in the Federal court. Consequently we disagree with the statements in the dissent that the "defendant could have justified its acts herein by demonstrating the invalidity of the patent" and with the position taken by the dissent that the plaintiff's rights "must necessarily rest upon the validity of the patent which can only be determined in the Federal courts." The plaintiff's rights were derived from the exclusive franchise contract and its contractual rights existed independently and without regard to the effect and intendment of the Federal law. Consequently, the liability of the defendant is grounded upon its wrongful acts in violation of non-federal rights of plaintiff. Therefore, we conclude that this action was properly maintainable in the Supreme Court of this State for redress of the defendant's wrongful acts. Concur — Eager, J. P., Tilzer, McNally and Steuer, JJ.; McGivern, J., dissents in the following memorandum: It is my view that for fundamental reasons the judgment appealed from must be reversed and the complaint dismissed. Inherent in the contract between plaintiff and Harley Patents International, Ltd., i.e., the patent license agreement, is the basic representation that Harley is the exclusive owner of the patented items of invention which were the subject of the contract. And plaintiff claims that Harley conspired with the defendant Irvin to import items covered by these patents into the United States, all in known violation of Harley's pre-existing exclusive grant of U. S. patent rights to the plaintiff, and that from the start the defendant questioned the basic validity of the patents. Defendant clearly questioned the validity of the U. S. patent on the so-called Harley Buckle in view of the so-called Rave innovations, already on file in the patent office. Thus, defendant could have justified its acts herein by demonstrating the invalidity of the patent. The license agreement did not confer any greater rights upon the alleged patent holder or his licensee and does not place the plaintiff in any better position. And since even the plaintiff concedes we do not have a situation where the competitor's product was imitated, nor is there any element of palming off, all that remains is patent infringement over which the Federal courts have exclusive original jurisdiction (U. S. Code, tit. 28, § 1338). In the case at bar, the plaintiff's claim of unfair competition rests on the defendant's use of the Harley Buckle, and plaintiff's claimed exclusive right to sell this buckle in the United States as a licensee of Harley must necessarily rest upon the validity of the patent which can only be determined in the Federal courts. (*Sears, Roebuck & Co.* v. *Stiffel Co.*, 376 U. S. 225; *Compco Corp.* v. *Day-Brite Lighting*, 376 U. S. 234, 238; *Merchant Suppliers Paper Co.* v. *Photo-Market Corp.*, 29 A D 2d 94, 96–97.) And it may be observed, the sequence of dates involved herein indicates plaintiff's license derives from the British patent which could not enlarge plaintiff's right in the United States if there exists a competing U. S. patent. In any event, even if it be assumed plaintiff's rights are derived from the later obtained U. S. patent, since essentially all we have before us is a patent infringement suit, I would reverse.